FRANK J. PARR *et al.*

*v.*

JOHN A. MILLER *et al.*

*Filed at Springfield October 27, 1893.*

1. SCHOOL LAW—*formation of new district.* The second clause of section 47 of article 3 of the act of May 21, 1889, relating to schools, confers the power upon the trustees of schools to organize a new district out of territory belonging to two or more districts; and when a petition is presented to them, signed by two-thirds of the legal voters living within a certain territory containing not less than ten families, asking that such territory may be made a new district, as specified in clause 3 of section 48, then the trustees are clothed with authority to act.

2. SAME—*section 48 of article 3 construed.* The first and second clauses of section 48 of article 3 of the School law of May 21, 1889, have nothing to do with the organization of a new district. The first clause relates to an application to divide or consolidate districts, and the second relates to an application to detach territory from one district and add the same to another adjacent thereto.

3. SAME—*preserving evidence on which trustees act.* Where a petition for the formation of a new district from territory to be taken from other districts is filed with the clerk of the board of trustees within the time prescribed by section 50 of article 3 of the School law of 1889, and notice in writing is served on the boards of directors of the districts from which the territory of the new district is to be taken, the trustees will thereby acquire jurisdiction, and their action forming the new district will be valid, notwithstanding the evidence on which they acted is not incorporated into the record.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. FRANK J. PARR, Mr. JOHN E. POLLOCK, and Mr. JOSEPH M. WEAKLEY, for the plaintiffs in error.

Messrs. WELTY & STERLING, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for a writ of *certiorari* to bring up for review the proceedings of the board of school trustees of township 24, north, range 4, east of the third principal meridian, in McLean county, wherein the board had organized a new school district from territory taken from two existing districts in the township. Upon an inspection of the record as disclosed by the return the court quashed the writ. The petitioners appealed to the Appellate Court, where the judgment was affirmed. To reverse the judgment of the Appellate Court this appeal was taken.

The new district was formed under the act of May 21, 1889. Section 46, article 3, of the act provides that trustees of schools in newly organized townships shall lay off the township into one or more school districts, to suit the wishes or convenience of a majority of the inhabitants of the township, and shall prepare maps of the township, in which the districts shall be designated, etc. Section 47 provides: "In a township where

such division into districts has been made, the said trustees may, in their discretion, at the regular meeting in April, when petitioned as hereinafter provided for, change such districts as lie wholly within their townships, so as, first, to divide or consolidate districts; second, to organize a new district out of territory belonging to two or more districts; third, to detach territory from one district and add the same to another district adjacent thereto." Section 48 is as follows: "No change shall be made as provided for in the preceding section unless petitioned for, first, by a majority of the legal voters of each of the districts affected by the proposed change; second, by two-thirds of the legal voters living within certain territory described in the petition, asking that the said territory be detached from one district and added to another; third, by two-thirds of all the legal voters living within certain territory, containing not less than ten (10) families, asking that said territory may be made a new district."

The purpose of the petition in this case was to obtain the organization of a new district by the trustees out of territory belonging to two or more districts, and the petition conformed strictly to the requirements contained in the third clause of section 48. But it is claimed by appellants that the petition should conform to the requirements of the first, second and third clauses of section 48, and as it failed as to the first and second clauses, the trustees had no authority to form the new district. We have given the statute a careful consideration, and we are unable to place the construction upon it insisted upon by appellants. The second clause of section 47 confers the power upon the trustees to organize a new district out of territory belonging to two or more districts, and, in our opinion, when a petition is presented, signed by two-thirds of the legal voters living within a certain territory containing not less than ten families, asking that said territory may be made a new district, as specified in clause 3 of section 48, then the trustees are clothed with authority to act. The first and sec-

ond clauses of section 48 have nothing to do with the organization of a new district. They do not relate to that subject. The first relates to an application to divide or consolidate districts. The second, as is apparent from its language, relates to an application, addressed to the trustees, to detach territory from one district and add the same to another adjacent thereto. If a new district could not be organized unless the petitioners, in their application to the trustees, conformed to the requirements contained in the first, second and third clauses of section 48, it would be almost impossible in any case, however great the necessity might be, to obtain the formation of a new district. If it had been the intention that the requirements of the three clauses should all be embraced in a petition, why divide section 48 into three distinct and separate clauses? If it was intended as claimed, doubtless the three clauses would have been embraced in one, and all connected by the word "and."

It is also claimed, that as the record fails to show the evidence upon which the school trustees determined the truth of the petition, the order establishing the new district is invalid. We do not concur in this view. It appears from the return that the petition was filed with the clerk of the board of trustees within the time prescribed by section 50 of article 3 of the School law, and that notice in writing was served on the boards of directors of the districts from which the territory of the new district was to be taken. Thus the trustees of schools acquired jurisdiction, and having jurisdiction, the order establishing the new district was valid, whether the evidence upon which the board predicated its judgment was incorporated in the record or not. There is no statute requiring the board to incorporate into the record the evidence upon which they predicate the order allowing or rejecting a petition, and we are aware of no principle which would require them to do so.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*