[No. 3690.   Decided   January   9,   1901.]

W. F. HAYS, *Appellant,* v. JAMES J. HILL *et al., Respondents.*·

TIDE LANDS—EXCAVATION OF WATER    WAYS—RIGHTS    OF    CONTRACTOR.

The act of March 9, 1893 (Laws 1893, p. 241) relative to the excavation of waterways by private contract through the tide and shore lands of the state and providing liens for the benefit of the contractor on such lands as he shall fill in and raise above high tide, does not contemplate that the state shall retain all its tide lands until the completion of the contract of filling same, but the state retains the power of disposition of all such lands, and there is reserved to the contractor merely a lien upon the lands filled in under his contract.

SAME—INJUNCTION—SUFFICIENCY OF COMPLAINT.

In an action by one holding a contract from the state authorizing him to excavate a water way and fill in adjacent tide lands, seeking to enjoin defendants from excavating a water way through a portion of such lands that might fall within the scope of his contract, the complaint does not state a cause of action when there is no allegation therein showing that defendants were trespassers and were proceeding without any authority from the state, which, under the statute, was still empowered with the right of disposition of such lands, although having contracted with plaintiff to give him a lien thereon for filling in.

SAME—DAMAGES.

Where, under plaintiff's contract with the state for the excavation of a water way and the filling in of tide lands, the commissioner of public lands was empowered to modify the plans adopted for bulkhead and retaining walls, and work had been suspended for several years under notification from the commissioner that he proposed to require a new style of bulkhead, and there is no allegation in the complaint that plaintiff has ever requested, or has taken any steps to compel, the commissioner to furnish the new style of bulkhead, and there is nothing to show that the suspended work under the contract will ever be resumed, the interest of plaintiff appears too uncertain to render his complaint sufficient to call for redress by way of damages or to warrant the issuance of an injunction against defendants.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Julius F. Hale, James Hamilton Lewis* and *W. F. Hays,* for appellant.

*Burke, Shepard & McGilvra* and *Will H. Thompson,* for respondents.

The opinion of the court was delivered by

WHITE, J.—The contract and modifications thereof mentioned in the complaint are therein referred to and made part of the same. The complaint alleges, in substance: That on the 3d day of August, 1895, the state of Washington, by its duly authorized agent, the commis-

sioner of public lands, entered into a contract with the appellant and respondent Frank Shay, and on the 26th day of February, 1896, made and entered into a modification of said contract, which said contract and modification thereof were made under and by virtue of an act of the legislature of the state of Washington approved March 9, 1893, entitled, "An act prescribing the ways in which waterways for the uses of navigation may be excavated by private contract; providing for liens upon tide and shore lands belonging to the state; granting rights of-way across lands belonging to the state,"—such act being made, by reference, an integral part of said contract and embodied therein, which said contract so made was duly approved by the governor of the state of Washington on the 7th day of March, 1896, pursuant to said act; that afterwards, on the —— day of March, 1896, appellant and said Frank Shay duly filed with the commissioner of public lands a bond in the penal sum of $25,000, the same being the amount of the bond provided by said contract, which said bond was then and there duly approved by said commissioner of public lands as provided by law, the bond being conditioned for the faithful performance of said contract; that said contract provided for the excavation of a certain waterway, and the filling in and raising above high tide of certain tide lands belonging to the state of Washington; and provided further that appellant and said Shay, and their heirs and assigns, should have a lien as in said act provided, upon said tide and shore lands described in said contract, which said appellant and Shay, their heirs and assigns, should fill above high tide under said contract, and that the said state would hold such tide lands subject to the operation of said contract pending its execution and subject to the ultimate lien thereunder; that said contract further provided for and specified the char-

acter of the retaining walls or bulkheads to be used and constructed in carrying out such contract, reserving, however, the right to the commissioner of public lands to modify such plan of bulkhead or retaining wall as to "shape, form, and kind of material," as might be shown necessary from experiment or otherwise, with ample power of deviation to meet the necessary requirements, etc.; that said contract further provided that said state should appraise the tide and shore lands affected by said contract after the date of the execution of said contract, forthwith, at their actual value at the time of the letting of said contract, and that said lands so appraised should never be disposed of by the state for less than said appraised value, and said state further undertook and agreed in said contract that all of said lands to be filled should be retained by the state in the same condition, as regards necessary costs of filling, as they were in at the date of the execution of said contract; said act of the legislature further provided that the commissioner of public lands should have the right to extend the time for the beginning or completion of said work under said contract; that on the 25th day of July, 1895, said respondent Shay, for a valuable consideration, duly sold, transferred, and assigned to the appellant all his right, title, and interest in and to the application made for said contract, and for all contracts made thereunder, and on, to-wit, the 7th day of March, 1896, said respondent Shay sold, transferred, and assigned to appellant all his right, title, and interest in and to the above described contract, which said assignments were duly filed with and accepted by the commissioner of public lands, and that appellant has ever since been, and now is, the owner and holder of said contract; that afterwards, on the 4th day of May, 1896, and within the time provided by said con-

tract, appellant duly entered upon the performance of said contract and commenced actual wor't thereunder, but that on the 5th day of May, 1896, while appellant was so at work under said contract, he was duly notified by the commissioner of public lands of Washington, as was his right under the law and the contract above referred to, that said commissioner had elected to exercise his right under said contract of changing the form of bulkhead to be used in the execution thereof, and would proceed to formulate and prescribe plans and specifications of his proposed change for the construction of such new style of bulkhead; and said commissioner thereupon notified, required, and ordered appellant to suspend operations under said contract until such plans and specifications for such new style of bulkhead should be determined upon and communicated to appellant. Whereupon appellant, as required by such order and direction of said commissioner, suspended work under said contract, and neither said commissioner nor any one else acting on behalf of the state has since said last date advised appellant of the kind of bulkhead required, or withdrawn the order made as aforesaid for suspension of work. That shortly after said last named act of the commissioner commanding appellant to suspend operation under said contract, and on or about the 13th day of November, 1896, said commissioner further notified this appellant to further suspend operations under his contract on account of the construction of the proposed government canal, known as the "North Canal," referred to in said contract, but continued said contract in all its provisions, rights, and privileges, in everywise, as the same was theretofore; that thereafter, and prior to the bringing of this action, on the 17th day of November, 1898, appellant duly notified the state of Washington of improper and illegal encroach-

ments upon the lands covered by said contract by the respondents, James J. Hill and said railroad company; that after the execution of the contract hereinabove described the said respondents, James J. Hill and the Seattle & Montana Railroad Company, unlawfully entered upon certain of the lands covered by the terms of said contract, and engaged in the wrongful work of excavating material from said land, and otherwise infringing upon and interfering with the rights of appellant under said contract, by excavating a private waterway or ship's channel through said lands, 1500 feet long, 200 feet wide, and 30 feet deep, which they continued to keep open, and by depositing material upon such lands, which unlawful acts and things thus being done by the last named respondents were intended to, and would materially, interfere with the rights of said appellant under said contract, to his irreparable damage; appellant further alleges that said respondents Hill and said railroad company had, at the date of the commencement of this action, so excavated a large amount of material in places upon lands affected by this contract at the date of its execution, and had created embankments upon such lands with such material, in opposition to and violation of appellant's right under said contract; that said Hill and said railroad company would, unless prevented by order of the court, by the performance of the unlawful acts and things threatened and being performed by them, withdraw from the operation of appellant's said contract the lands described in appellant's said contract with the state of Washington, and would cause and compel appellant to commit a breach of his said contract and a forfeiture of the bond given by him as aforesaid to the state of Washington. Said complaint further alleges that the state of Washington did not appraise the lands embraced in said contract between it and

appellant said Shay, as required by law, nor has it at any time since the letting of said contract caused any appraisement thereof, or of any thereof, to be made; that appellant cannot proceed with work under his contract until such appraisement is made, and until the state has determined upon the character of bulkheads required to be made in connection with said work, and until said state has performed the matters and things required of it, by keeping and maintaining the lands covered by such contract in the condition required of it by said contract and act above referred to; that appellant has no plain, adequate, or speedy remedy at law. Appellant claims that, by reason of the matters and things complained of in his said complaint, he has been damaged in a large amount by the wrongful acts and deeds of the said respondents Hill and the railroad company; wherefore he prays (1) that said respondents Hill and the railroad company, and those acting through, by, or under them, be permanently enjoined and restrained from further proceeding in the execution of the wrongful things complained of and from in any way interfering with appellant under his said contract; (2) that respondent Frank Shay be decreed to have no interest in said contract; (3) that appellant have and recover of and from respondents Hill and the railroad company the damages complained of, and for the costs of this action; (4) that the state of Washington be decreed to be in default in having failed to appraise said lands as required by law; (5) for such other and further relief as may be just and equitable. On the 17th day of July, 1899, respondent Frank Shay appeared and filed in this case an answer, disclaiming any interest whatever in this action or in the contract which is the subject of this litigation. On the 13th day of January, 1900, respondent the state of Washington appeared and filed its demurrer to said complaint upon the

following grounds: (1) The court has no jurisdiction of defendant herein in this case; (2) the complaint does not set up facts sufficient to constitute a cause of action as against this defendant; (3) that there is no equity in the complaint as against this defendant and no relief asked against this defendant by the plaintiff, in the power of this court to grant. On the 30th day of January, 1900, respondents Hill and the railroad company filed their demurrer to plaintiff's complaint, setting forth the following as the grounds of such demurrer:

"That there is a defect of parties plaintiff to this action, in this: that Frank Shay, who is mentioned in said fourth amended complaint, is a necessary party plaintiff to this action, jointly with the plaintiff, William F. Hays. 2. That there is a defect of parties defendant to this action, in this: that the state of Washington is a necessary party defendant thereto, but, although formally joined as such in said fourth amended complaint, cannot lawfully be sued herein in this court. 3. That said fourth amended complaint does not state facts sufficient to constitute a cause of action against these demurring defendants, or either of them. 4. That said fourth amended complaint does not state facts sufficient to constitute a cause of action in equity against these demurring defendants, or either of them. 5. That, if any cause of action whatever is stated in said fourth amended complaint, the plaintiff has a plain, speedy, and adequate remedy at law thereon; and this court, before which this action has been brought, and the plaintiff's alleged cause of action therein has been set forth in said fourth amended complaint as one of equitable cognizance, has no jurisdiction, sitting as a court of equity, of the matters and things alleged in said fourth amended complaint, or of any thereof."

On the 24th day of March, 1900, the court rendered its decision upon said demurrers, in which he sustained said demurrers; and, the plaintiff having elected to stand upon his complaint, upon motion of defendants the court dis-

missed this action on the merits, to which order and judgment of dismissal plaintiff at the time took exception. Thereupon plaintiff appealed to this court from such final order.

The errors assigned are as follows: The lower court erred in sustaining the demurrer of respondent state of Washington, and in making the final order dismissing appellant's complaint herein. The lower court erred in sustaining respondents' demurrer to plaintiff's (appellant's) complaint, and in dismissing this case. The appellant in his brief says:

"Frank Shay, one of the respondents, is easily disposed of, in the light of his assignment of all his right, title, and interest in the contract in question, and his answer herein, in which he expressly disclaims any interest whatever in said contract or in this case, and these actions on his part remove any question of his being a party in interest either in said contract or in this case. The demurrer of the state of Washington cuts but little, if any, figure in this case. The question as to whether or not the court has jurisdiction of the state in this case, or as to whether or not the complaint states a cause of action against the state, is of but little consequence to the appellant in determining his right to the relief sought against respondents Hill and the railroad company. The state and Frank Shay were brought into this case to satisfy the requirement of the lower court, and appellant would not be damaged or his case weakened if they were both dismissed from this case."

In these respects we view the complaint in the same light as the appellant, and no error was committed by the court below in sustaining the demurrer of the state of Washington to the complaint. The state was not a necessary party to the action, and the complaint stated no cause of action against the state. As to whether or not the court had jurisdiction over the state in this action, we express no opinion, as we do not think it necessary to pass upon

that question at this time. Shay, by his disclaimer, is no longer a necessary party.

We have examined the contract in this action,. it being made part of the complaint by apt reference. There is nothing in the contract on which to base the allegation of the complaint that the state "undertook and agreed　*　* * that all of said lands to be filled should be retained by the state in the same condition, as regards necessary costs of filling, as they were in at the date of the execution of said contract." The law of the state. (Laws 1893, p. 241) relative to the excavation of waterways by private contract, under which the appellant claims, does not contemplate a retention of the tide lands by the state until the contract of filling in is complied with. The state retained the right to sell its tide lands or lease its harbor areas. By the act in question there was reserved to the contractor a lien only on the lands filled in under such contract.

The complaint now under consideration is the fourth amended complaint. The license or right of Hill and the railroad company to enter the lands partially covered by the terms of the contract, and to fill in the same, and to excavate the private ship channel, does not clearly appear from the complaint. An amended complaint filed in this action before the complaint under consideration, and brought here by respondents by way of a supplemental record, alleges that the state of Washington duly sold and conveyed to the defendant Hill the lands he is now alleged to be trespassing upon, subject to the lien claim and right of the appellant under said contract. It may be that, under the strict rule that the fourth amended complaint must be construed without reference to former pleadings, we should not take this fact into consideration. The allegation of the fourth amended complaint that Hill and the railroad company "unlawfully" entered is a mere conclu-

sion of law. The state has been made a party and has admitted by its demurrer all matters well pleaded. The character of the work alleged in the complaint is such that, if the parties doing it were mere trespassers, the officers of the state charged with the sale and control of its tide lands must have known of the work. The appellant also alleges in his complaint that he notified the state of the acts of the respondents before bringing this action, and as early as the 17th of November, 1898. It is presumed that the board of state land commissioners, on whom devolves the duty of looking after such matters, would not have permitted the respondents Hill and the railroad company to enter upon the public lands and commit such a trespass as is alleged. The law constantly presumes that public officers charged with the performance of official duty have not neglected the same. *Kimball v. School District, ante,* p. 520; Mechem, Public Officers, § 579.

There are no facts alleged in the complaint showing that the respondents Hill and the railroad company had no license or authority to enter upon the lands and excavate the channel mentioned; and, as the state has the right to sell notwithstanding the contract of the appellant, we are justified in presuming that the respondents are and have been rightfully in possession.

The respondents contend that the contract pleaded was invalid originally; that it has lapsed through non-performance and the expiration of the time limit therein provided. As we view this case, it is not necessary to pass upon these questions at this time, and we express no opinion in that respect.

There is nothing in this complaint showing that the respondents Hill and the railroad company have in any way compelled the appellant to desist from actual work under his contract. The contract provides and reserves the

right to the commissioner of public lands to modify the plans and specifications of bulkhead and retaining walls, as to shape, form, and character of material, as might be shown by experiment or otherwise to be necessary to impound in a secure manner the material of the embankment provided for therein, with ample power of deviation to meet the necessary requirements, etc. The complaint further alleges that on the 4th of May, 1896, the appellant entered upon the performance of his contract; that on the 5th of May, 1896, appellant was notified by the commissioner of public lands of Washington, *as was his right under the law and the contract,* that said commissioner had elected to exercise his right under said contract of changing the form of bulkhead to be used, and that he would proceed to formulate and prescribe plans and specifications of his proposed change for the construction of such new style of bulkhead, and said commissioner thereupon notified, required, and ordered appellant to suspend operations under said contract, until such plans and specifications for such new style of bulkhead should be determined upon and communicated to appellant; that under the contract the appellant, by reason of such notifications, suspended work. The complaint further alleges that no new style of bulkhead has been furnished, and the commissioner has not advised the appellant of the kind of bulkhead required, and that the commissioner has not withdrawn his order commanding the plaintiff to cease work, etc. There is no allegation in the complaint that the appellant has ever requested, or that he has taken any steps whatever to compel, the commissioner to furnish the new style of bulkhead. The commissioner may never furnish such new style, or it may be years before he furnishes the same. The contract in the meantime is in a state of suspension. When a new style of bulkhead is furnished and the appellant then proceeds

with his contract, it will be time enough to determine what damages he has or may sustain by reason of the acts of the respondents. The damages now claimed may never belong to the appellant, and his interest in the same depends wholly upon the action of the state land commissioner in furnishing a new style of bulkhead. This interest is too uncertain to now call for redress in a court of law, or for the interposition of a court of equity in his behalf.

The judgment of the court below is therefore affirmed.

DUNBAR, C. J., and REAVIS, FULLERTON and ANDERS, JJ., concur.