[No. 10373. Department Two. July 17, 1912.]

THE STATE OF WASHINGTON, *on the Relation of A. J. Harris et al., Appellants,* v. J. LENOX WARD, *as Prosecuting Attorney etc., Respondent.*[1]

MANDAMUS—WHEN LIES—ORDERS OF SCHOOL SUPERINTENDENTS—QUESTIONS REVIEWABLE BY APPEAL. In mandamus proceedings to compel the prosecuting attorney to test the validity of an order of the school superintendent consolidating two school districts, the wisdom or policy of the order cannot be inquired into, where the same can be reviewed by appeal; since it is a collateral attack on the order and only its validity can be questioned.

SCHOOLS AND SCHOOL DISTRICTS—CONSOLIDATION—PETITION—REQUISITES. Rem. & Bal. Code, § 4440, authorizing the school superintendent to consolidate school districts upon the receipt of a petition signed by "five heads of families of two or more districts," requires only five signatures from the entire territory, and not the signatures of five heads of families from each district.

[1]Reported in 124 Pac. 913.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered September 25, 1911, upon findings in favor of the defendant, dismissing an application for a mandamus to compel the institution of *quo warranto* proceedings. Affirmed.

*G. G. Lee* and *C. F. Bolin*, for appellants.

*Parker & Richards*, for respondent.

FULLERTON, J.—The code of public instruction of the state of Washington, in the chapter relating to the formation of consolidated school districts (Tit. III, ch. 3, art. 4, § 1; Laws 1909, p. 271; Rem. & Bal. Code, § 4440), provides that, upon the receipt of a petition signed by five heads of families of two or more adjoining districts in the same county, the county superintendent of schools may organize and establish a consolidated school district; and that in such procedure "the posting of notices, the hearing, and the appeal shall be the same as in the change of territory from one district to another." The section relating to the change of territory from one school district to another (Tit. III, ch. 3, art. 2, § 1; Laws 1909, p. 268; Rem. & Bal. Code, § 4433), provides that "for such proposed transfer of territory the notices shall be posted and the hearing and appeal shall be the same as for the formation of a new district." The provision relating to the posting of notices, the hearing on the petition, and the appeal in that part of the act relating to the formation of a new district are found in §§ 2 and 5 of art. 1 of the title and chapter above cited (Laws 1909, pp. 266, 267; Rem. & Bal. Code, §§ 4428, 4431), and read as follows:

"Sec. (2) The county superintendent shall give notice to the parties interested by causing notices to be posted at least twenty (20) days prior to the time appointed by him for considering said petition, in at least three of the most public places in the proposed new district, and one on the school house door of each district affected by the proposed change,

and in one of the most public places of the territory affected by the proposed change. On the day fixed in the notice, he shall proceed to hear said petition, and if he deem it advisable to grant the petition he shall make an order establishing said district and describing the boundaries thereof and shall certify his action to the board of county commissioners at their next regular meeting."

"Sec. (5) . . . He shall make a full record of all such findings and terms of adjustment and the decision of said county superintendent shall be final unless appealed from in the manner provided by law, in which case the decision of the board of county commissioners shall be final."

In February, 1911, a petition was presented to the superintendent of schools of Yakima county, praying that school districts Nos. 72 and 80 therein be consolidated into one school district in the manner prescribed by law. The petition was signed by three heads of families, together with their wives, residing in school district No. 72, and by four persons residing in school district No. 80, three of whom are conceded to be heads of families. On receipt of the petition, the county superintendent of schools appointed March 21, 1911, as the time for hearing the same, and caused notices thereof to be issued bearing date as of February 27, 1911, which were subsequently posted as required by law. The hearing was had on the day fixed, at which time the county superintendent found it to be to the best interests of all concerned to consolidate the districts, and entered an order consolidating the same under the name of school district No. 94, Yakima county, and thereafter certified his order to the board of county commissioners of Yakima county as required by statute. No appeal was taken by any one from the order so entered.

Some months after the order of consolidation had been entered, and after the right of appeal therefrom had expired, certain residents and taxpayers residing in that part of the consolidated district which was formerly district No. 72 requested the prosecuting attorney of Yakima county to

file an information in the nature of *quo warranto*, against the county school superintendent, the county treasurer of Yakima county, and certain other persons acting as directors of the purported consolidated school district, to inquire into the legality of the proceedings by which the consolidated district was organized. The prosecuting attorney refused to institute the proceedings, and the present proceeding in mandamus was brought in the superior court of Yakima county to compel him so to do. The superior court refused to grant the application for the writ, and this appeal is from the judgment entered embodying the order so made.

In setting forth their grievances against the order of consolidation entered by the county school superintendent, the petitioners have included many that go only to the wisdom and policy of the order. But it is manifest that these raise questions that cannot be considered by the court in this form of procedure. The statute provides for an appeal from the order of the county superintendent, and for any mere error of judgment committed by him concerning the wisdom or policy of the order, that remedy must be pursued. This procedure is in the nature of a collateral attack upon the order, and only its validity can be inquired into therein.

The record suggests but two questions going to the validity of the order, namely, that the petitions upon which the county superintendent acted did not comply with the statute, and hence were insufficient to confer jurisdiction to make the order of consolidation; and second, that the notices were not posted for the statutory time.

The objection to the petition is that it was not signed by the required number of heads of families. It is contended that there must be presented to the county superintendent of schools a petition signed by five heads of families from each of the several school districts it is proposed to consolidate before that officer has authority to act in the premises. We do not so read the statute. Its language is: "Upon receipt of a petition signed by five heads of families of two or more

adjoining districts in the same county, the county superintendent may organize and establish a consolidated school district." Plainly, this requires but five heads of families from the territory it is proposed to organize into a consolidated district, not five heads of families from each separate entity of which the consolidated district is to be composed. *School Dist. No. 74 v. Board of Com'rs*, 9 S. D. 291, 68 N. W. 746; *Parr v. Miller*, 146 Ill. 596, 35 N. E. 230; *People ex rel. Sackmann v. Keechler*, 194 Ill. 235, 62 N. E. 525; *People v. Rhodes*, 109 Ill. App. 110.

The objection that the notices of the hearing on the petition were not posted for the required time seems to us to be against the weight of the evidence. The statute does not provide that the record showing the proofs of the posting shall be preserved by the county superintendent of schools as a part of his records, and the court below permitted the parties to introduce oral evidence upon the question, and found therefrom that the notices had been posted for the required time. This evidence is in the record, and while contradictory, we think it preponderates in favor of the trial court's finding.

There is no error in the record, and the judgment appealed from will stand affirmed.

ELLIS, MORRIS, and MOUNT, JJ., concur.