TOOELE BLDG. ASS'N v. TOOELE HIGH SCHOOL DIST. NO. 1, et al.

No. 2406.   Decided August 16, 1913 (134 Pac. 894.)

1. SCHOOLS AND SCHOOL DISTRICTS—ILLEGAL CONTRACT FOR ERECTION OF SCHOOLHOUSE—RIGHT OF TAXPAYER TO ENJOIN. A corporation which is a taxpayer may sue to restrain the carrying out of an

illegal contract by the district board of education for the erection of a high school building.[1]   (Page 368.)

2.  PLEADING—CONSTRUCTION OF PARTICULAR ALLEGATIONS.   An allegation that "the vote of the qualified electors of said district (for establishing a high school) was not had" was not equivalent to alleging that no election was had nor that a "majority" of the qualified electors did not vote for the proposition; nor was an allegation that no notice was given a member of a meeting of the board of education equivalent to alleging that no notice was sent.   (Page 369.)

3.  EVIDENCE—PRESUMPTIONS—PERFORMANCE OF OFFICIAL DUTY. Public officers charged with the performance of official duty are presumed to have performed such duty at the proper time and in the proper manner.   (Page 369.)

4.  EVIDENCE—DISTRICT SCOOL BOARD—PRESUMPTION OF PERFORMANCE OF DUTIES—CALLING ELECTION.   In an action to enjoin the carrying out of a contract by the district board of education for the erection of a high school in a particular location, it will be presumed that, in accordance with Sess. Laws 1911, ch. 31, secs. 9, 11, the board called an election, and that the majority of the voters voted for the erection of the high school at that location.   (Page 370.)

5.  EVIDENCE—DISTRICT SCHOOL BOARD—PRESUMPTION OF PERFORMANCE OF DUTIES—NOTICE OF MEETINGS.   It will be presumed that a notice of the meeting of the board at which the contract was authorized was sent to a member of the board who was not present.   (Page 370.)

6.  EVIDENCE—DISTRICT SCHOOL BOARD—PRESUMPTION OF REGULARITY OF PROCEEDINGS.   In an action to enjoin the erection of a high school, where it was alleged in the complaint that the meeting at which the contract was authorized was a special and not a regular meeting, and that notice was not given to a certain member, it will be presumed in support of the regularity of the proceedings that it was an adjourned meeting of a regular meeting.   (Page 370.)

7.  SCHOOLS AND SCHOOL DISTRICTS—CONTRACTS FOR THE CONSTRUCTION OF SCHOOLHOUSES—CERTIFIED CHECKS TO ACCOMPANY BIDS —CONSTRUCTION OF STATUTE.   Comp. Laws 1907, sec. 1891x42, providing that the board of education shall require a certified check of not less than five per cent. of the bid to accompany each bid to build a schoolhouse, to be forfeited if the bidder fails to enter into the contract and furnish bond, has no ap-

---

[1] Tanner v. Nelson, 25 Utah, 226, 70 Pac. 984; Brummitt v. Waterworks Co., 33 Utah, 289, 93 Pac. 828.

plication after the contract has been entered into and a bond furnished.   (Page 372.)

8. EVIDENCE—DISTRICT SCHOOL BOARD—PRESUMPTION OF PERFORMANCE OF DUTY—CONTRACTOR'S BOND.   In an action to enjoin the erection of a high school, after the district board of education had entered into the contract, it will be presumed that a bond was required of and furnished by the contractor in accordance with the statute.   (Page 372.)

STRAUP, J. dissenting.

APPEAL from District Court, Third District; *Hon. George G. Armstrong,* Judge.

Action by the Tooele Building Association against Tooele High School District No. 1, and others, to enjoin the erection of a high school building.

Judgment dismissing the action.   Plaintiff appeals.

AFFIRMED.

*Snyder & Snyder,* and *Edward McGurrin* for appellant.

*W. S. Marks, Van Cott, Allison & Riter,* and *J. H. Stockman* for respondents.

### STATEMENT OF FACTS.

Plaintiff, a corporation, brought this action in the district court of Tooele County, Utah, to enjoin Tooele High School District No. 1 and Charles R. McBride, Brigham Davis, and Lillian M. Rowberry, who constitute the board of education of said high school district, from entering into a certain contract with the defendant Newton & Sons Company for the erection of a high school building in Tooele City and to restrain Newton & Sons Company from performing the contract mentioned.   Plaintiff in its complaint, among other things, alleges:

(1)   That certain of the defendants, assuming to act as the board of education of the high school district mentioned,

pretended to purchase a certain tract of land situate in Tooele City, Utah, "for $3000 and the same to be conveyed to said Tooele High School District" for the purpose of erecting thereon a building for high school purposes; and that the territory lying within Tooele City forms a part of Tooele High School District.

(2)   That plaintiff is the owner of real estate and a taxpayer in said high school district; that plaintiff's taxable property in the district is approximately $150,000 in value; and that the erection of the building contemplated will entail a tax upon plaintiff as such taxpayer and upon all other taxpayers in the district.

(3)   That said tract of land is undesirable as a high school site because of its being in close proximity to a certain railroad track over which heavy locomotives propelled by steam and to which are attached heavily laden trains of cars are operated during all hours of the day, the constant noise of which would interfere with the studies of the pupils attending said school by continually detracting their attention from their studies.

(4)   That the real estate mentioned is inconvenient as a site for a high school for the inhabitants of said school district for the reason that the same is located to the west of the built-up portion of Tooele City, and the immediate neighborhood thereof is but sparsely settled; that the great bulk of the school and other population of the district lies east and north thereof.

(5)   That several sites, all centrally located and removed from said railroad tracks, were offered to said McBride as chairman and the clerk of the board of education aforesaid for the use of the district, any of which could have been purchased for a far less price than was paid for the site first above mentioned, and any of which would have been more acceptable to the inhabitants of said district.

(6)   "That this plaintiff offered to buy for and present to said Tooele High School District No. 1, free of charge, a tract of land,  .  .  .  provided they would erect said high school building thereon, and further offered to reimburse

said Tooele High School District No. 1 for all money it had expended in purchasing said real estate aforesaid; that the site this plaintiff was and is willing to procure and donate to said Tooele High School District No. 1 for high school purposes is situate a great distance north of said railroad tracks in the center of the high school population of said district and is desirable in every way as a site for the location of the high school building; that said McBride and Tate (clerk) refused to consider said offers."

(7)    "That said pretended board of education give out and threaten that they are going to establish and build a schoolhouse upon said tract of land . . . aforesaid for high school purposes, and have pretended to advertise for bids, and have pretended to award the contract for the erection of said building to the defendant Newton & Sons Company, and plaintiff shows to the court that all of said pretended acts on the part of said board are illegal, in violation of law, and void in this, to wit: That the vote of the qualified electors of said district was not had to authorize the erection of said school building or to establish and maintain a high school upon said tract or any tract in the vicinity, or at all; that the publication of said notice and the meeting of said pretended board to authorize the contract for the erection of said building were illegal because the said defendant Lillian Rowberry had no notice of said meeting, was not present thereat, and took no part therein . . . that the said meeting was not a regular or stated meeting but was a special meeting) ; and for that the said notice itself is illegal and void because it did not require the bidder to accompany his bid with a certified check for five per cent. of the amount of said bid or for any amount whatever. . . . "

(8)    "That . . . the said defendants McBride and Davis, as a majority of said board of education, give out and threaten that they will continue the erection of said building so illegally contracted to be built, as set forth in (the preceding) paragraph, and upon information and belief plaintiff alleges that, unless restrained by this court, they will continue in their illegal acts as aforesaid, to the great injury of

the taxpayers of said district, including plaintiff; that plaintiff is otherwise remediless in the ordinary course of law."

Upon the filing of the complaint plaintiff was granted a temporary restraining order against defendants. Defendants filed an answer to the complaint, and the cause came on regularly for trial. When the cause was called for trial, defendants objected to the introduction of any evidence by plaintiff on the ground that "plaintiff has no right or authority to maintain" the action for the reason that "there is no damage alleged to be suffered by it more than is suffered, if any is suffered, by any other resident or taxpayer of the same high school district." The court sustained the objection. Thereupon plaintiff offered evidence tending to prove the allegations *seriatim* of its complaint put in issue by defendants' answer. To each of the offers made, defendants interposed an objection on the ground above mentioned, and the court in each instance sustained the objection. Plaintiff, being precluded from introducing evidence to sustain the allegations of its complaint, rested, whereupon the court dissolved the injunction and rendered judgment dismissing the action. Plaintiff appeals.

McCARTY, C. J. (after stating the facts as above).

In its assignment of errors appellant assails the rulings of the court in sustaining the objections made by respondents to the evidence offered by appellant in support of the allegations of the complaint, and also the judgment of the court dismissing the action. When the cause was called for argument in this court, counsel for the respective parties argued the case orally. They also filed printed briefs in which the questions presented by appellant's assignment of errors are elaborately discussed. When the case was submitted, this court was in doubt as to whether the complaint stated facts sufficient to constitute a cause of action, and the case was reopened for argument on that point. The question was thereupon argued by counsel on either side. Additional briefs were also filed by counsel, in which the question is elaborately discussed. This is the only difficult question presented and

the only one involved regarding which we entertain any serious doubt as to which way it should be decided. If the complaint is not vulnerable to the objection that the facts therein alleged do not constitute a cause of action, the judgment must be reversed and the cause remanded for trial on merits.

It is settled law in this jurisdiction that a taxpayer can maintain a suit of this character. (*Tanner v. Nelson*, 25 Utah, 226, 70 Pac. 984; *Brummitt v. Waterworks Co.*, 33 Utah, 289, 93 Pac. 828.) The objection, therefore, made by respondents to the introduction of evidence on the ground that "plaintiff has no right or authority to maintain this action" cannot be upheld. If, however, the complaint, as contended by respondents, does not contain facts sufficient to constitute a cause of action, the rulings of the court rejecting the proffered evidence are unimportant and the judgment dismissing the action must be affirmed.

Counsel for appellant in their additional or supplemental brief say that the matters contained in that part of the complaint which we, for convenience, have referred to as paragraphs 3, 4, 5, and 6 were pleaded as matters of inducement only, and that these matters were "largely in the discretion of the board and not reviewable." We shall therefore pass to the seventh paragraph of the complaint. In that paragraph it is alleged:

(1) "That the vote of the qualified electors of said district was not had to authorize the erection of said school building . . . upon said tract or any tract, . . . or at all;" (2) that the publication of the notice and the meeting of the board to authorize the contract for the erection of the building were illegal because "Lillian Rowberry had no notice of the meeting, was not present thereat, and took no part therein;" (3) that the meeting was not a regular or stated meeting but was a special meeting; and (4) that the notice of the meeting for the letting of the contract did not require the bidder to accompany his bid with a certified check for five per cent. of the amount of the bid.

So far as material here, chapter 31, section 9, Sess. Laws Utah 1911, provides:

"Immediately after the establishment of each high school district the board of education shall call an election . . . for the purpose of submitting to the qualified electors of such high school district the following questions: 1. Shall the high school district establish and maintain one or more high schools within the district? . . . 2. At what place or places in the high school district shall high schools be established and maintained?"

Section 11 of the same chapter, among other things, provides:

"If, at such elections, a majority of the qualified electors shall have voted in favor of the establishment and maintenance of one or more high schools in such district, then the board of education shall establish such high school or schools."

The allegation in the complaint that "the vote of the qualified electors of said district was not had," etc., is not equivalent to alleging that no election was had, as provided in section 9, *supra*; nor is it equivalent to alleging that a *majority* of the qualified electors in the high school district did not vote to establish and maintain a high school in Tooele City on the precise tract of land mentioned in the complaint.

The general rule is that public officers charged with the performance of official duty are presumed to have performed such duty at the proper time and in the proper manner. (Mechem, Pub. Off. section 578; Throop, Pub. Off. section 558; 2 Chamberlayne, Mod. Ev. section 1202.) In 16 Cyc. 1076, it is said that official acts of public officers, including persons acting in an official capacity, will be presumed to have been

"properly performed, and in general that everything in connection with the official act was legally done, whether prior to the act, as giving notice, serving process, or determining the existence of conditions prescribed as a prerequisite to legal action, or sub-

sequent to such act. It is moreover a rule of procedure that the burden of proving unlawful or irregular conduct rests upon him who asserts it, since there is no presumption of official irregularity."

So in 17 Ency. Pl. & Pr. 189, it is said:

"Where the illegality of official action is relied on as a ground for invoking the aid of the court to restrain further action proposed to be taken in consummation thereof and in furtherance of the plan or scheme which it is sought to prevent, the party seeking such relief must allege the facts which constitute the illegality complained of."

It is not alleged in the complaint that no election was held to authorize the establishment and maintenance of a high school and the selection of the place therefor as provided in section 9, *supra*. It is therefore presumed (in fact, counsel for appellant during the oral argument conceded) that an election was held. And it is presumed that the questions of establishing a high school and selecting the place therefor were duly submitted as provided by law, and that a majority of the qualified electors of the high school district voted to establish and maintain a high school in Tooele City.

It is also presumed that notice was sent to Lillian Rowberry of the meeting of the board of education to authorize the making of a contract for the erection of the high school building; and, since it is alleged in the complaint that the meeting was "not a regular but a special meeting," it will be presumed that the meeting was an adjourned meeting of a regular meeting. *Splaine v. School Dist.*, 20 Wash. 74, 54 Pac. 766.

The allegation that the "vote of the qualified electors of said district was not had to authorize the erection of said high school building" is equivalent to alleging that the vote of all the qualified electors was not had. The allegation does not negative the presumption that a majority of the qualified electors voted to establish and maintain a high school in Tooele City. Stating the proposition in a different form, the

allegation, which for the purpose of determining the sufficiency of the complaint is deemed to be true, does not show, nor tend to show, that the board of education was not authorized by the vote of a majority of the qualified electors of the high school district to establish a high school, select a site therefor, and erect a school building thereon in Tooele City. Neither is the allegation in the complaint that Lillian Rowberry had no notice of said meeting, was not present thereat, and took no part therein equivalent to an allegation that no notice was sent to her of the meeting. In other words, the allegation does not negative the presumption that notice was duly mailed or sent to Lillian Rowberry. (16 Cyc. 1076, 1077; *Cofied v. McClelland,* 16 Wall. 331, 21 L. Ed. 339; *Stockslager v. United States,* 116 Fed. 590, 54 C. C. A. 46.) On the contrary, it is entirely consistent with the presumption that the board of education sent Lillian Rowberry such notice of the meeting.

The complaint in terms alleges that the contract for the erection of the building in question was awarded to Newton & Sons Company but does not charge fraud, collusion, or bad faith. As no facts are alleged from which fraud, collusion, or bad faith on the part of the board of education can be inferred, we are not prepared to say that, even if it were conceded that no notice was sent to Lillian Rowberry, the letting of the contract could be successfully assailed on that ground. We have a statute (Comp. Laws 1907, section 2496, title "Construction") which provides that "words giving a joint authority to three or more public officers or other persons are construed as giving such authority to a majority of them, unless it is otherwise expressed in the act giving the authority." It is not "otherwise expressed" in any of the provisions of the statutes under consideration prescribing the powers and duties of the board of education. We, however, in deciding this assignment of error against appellant, base our ruling upon the legal presumption existing in favor of the regularity of the action of the board in letting the contract rather than on the statute mentioned. It is there-

fore unnecessary for us to construe the statute in determining this question, and we refrain from so doing.

Comp. Laws 1907, section 1891x42, among other things provides that the board of education, in advertising for bids to build a schoolhouse, "shall require a certified check of not less than five per cent. of the amount of the bid to accompany the same, . . . and the check of the successful bidder shall be forfeited in case he fails or refuses to enter into the contract and furnish the bond required." It will readily be observed from a casual reading of this statute that the certified check is required as an evidence of good faith on the part of the bidder in submitting his proposal to erect the building according to the plans and specifications furnished by the board of education. Should the successful bidder enter into a contract for the erection of the building and furnish the bond required, his certified check will have served its purpose and he is entitled to have it returned to him.

It being alleged in the complaint that the contract for the erection of the building in question was awarded to Newton & Sons Company, it is conclusively presumed, there being no allegation in the complaint to the contrary, that Newton & Sons Company furnished a bond conditioned that it will properly perform its part of the contract in a "faithful manner and in accordance with its provisions," as provided by statute. The question, therefore, of whether Newton & Sons Company accompanied its bid with a certified check is wholly immaterial. We are clearly of the opinion that the facts alleged in the complaint do not constitute a cause of action.

The judgment is therefore affirmed; the respondents to recover their taxable costs in this and in the court below.

FRICK, J., concurs. STRAUP, J., dissents.