[No. 14382. Department Two. May 6, 1918.]

R. W. HILL, *Appellant*, v. ADA M. CALKINS-RICE *et al.*,
*Respondents.*[1]

EVIDENCE—PRESUMPTIONS—DUTY OF OFFICERS. It is proper to instruct that the law presumes that the official acts of public officers are properly performed.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 30, 1916, upon the verdict of a jury rendered in favor of the defendants, in an action of replevin. Affirmed.

*H. W. Lueders,* for appellant.

*Max Garretson* and *J. W. A. Nichols,* for respondents.

PER CURIAM.—This case has been tried five times before juries in the lower court, and this is its second appearance in this court. It will be found reported in *Hill v. Calkins,* 91 Wash. 634, 158 Pac. 347, to which reference is made for a statement of the facts. The jury in the last trial, in addition to finding a general verdict in favor of respondents, by a special verdict found the property which the appellant is seeking to recover in this action was not the property which appellant's predecessor in interest had conveyed to the

[1]Reported in 172 Pac. 829.

respondent Calkins, but found that the property was the property of Byron L. Aldrich. In view of this special verdict, which was based upon competent testimony, the contentions of the appellant that the tax sale through which the respondents claim title was void by reason of certain irregularities becomes immaterial. The jury having determined that the appellant never was the owner of the property which is the subject-matter of this controversy, it is of no importance as to whether the sale by which the respondents took title was held in strict conformity with the law or not. This disposes of the principal assignment of error urged by the appellant.

Some contention is made that error was committed in allowing a trial by jury and in allowing certain amendments to the pleading. The appellant concedes, however, that these were matters lying within the discretion of the trial court. We find there was no abuse of such discretion.

Objection is also made to the admission of certain testimony. An examination of the record leads us to believe that no prejudice resulted from the rulings in regard to the admission or rejection of testimony.

The giving and refusing of certain instructions is assigned as error; the principal complaint in this regard being that the court instructed the jury to the effect that the law presumes that the official acts of public officers are properly performed. This was a correct statement of the law. *Butler v. Maples,* 9 Wall. (76 U. S. 766); *Hays v. Hill,* 23 Wash. 730, 63 Pac. 576. The instructions, taken as a whole, fully and fairly presented the law of the case to the jury as to those matters which were properly before it.

Error is assigned in the refusal to grant the motions for a judgment notwithstanding the verdict or a new trial. There was ample competent testimony to take

the case to the jury, and there having been no substantial error in the trial, both motions were properly denied.

Upon a careful consideration of the record in this case, we are of the opinion that there was no error of which the appellant is justly entitled to complain.

The judgment of the court below is therefore affirmed.