[No. 19841. Department One. January 6, 1927.]

*In the Matter of the Change of Boundary between School Districts No. 12 and 133, San Juan County.*

ALFRED DOUGLAS *et al., Appellants,* v. F. W. COBB, *School Superintendent, Respondent.*[1]

[1] SCHOOLS AND SCHOOL DISTRICTS (9)—ALTERATION OF DISTRICTS —NOTICE. A recital in a judgment changing school district boundaries that notice was duly given as required by law, after hearing the evidence, cannot be questioned in the absence of any evidence in the transcript to the contrary.

[2] SAME (8)—ALTERATION OF DISTRICTS—POWERS OF SUPERINTEND-ENT. In proceedings to change the boundary between school districts, the finding of the school superintendent referring to a district as "operating as a non-high school district" is a sufficient finding that no high school was maintained therein.

Appeal from a judgment of the superior court for San Juan county, Hardin, J., entered June 2, 1925, affirming an order of the county school superintendent changing the boundaries of school districts, after a trial to the court. Affirmed.

*Ivan L. Blair,* for appellants.

*Samuel R. Buck,* for respondent.

HOLCOMB, J.—On January 3, 1925, the superintendent of schools of San Juan county, gave notice of a hearing to be had before him on January 26, 1925, for the purpose of determining whether there should be a change of boundaries between school districts No. 12 and 133, of that county. The object of the change was to take certain described territory from district No. 12, and annex it to district No. 133. It was stated in

[1]Reported in 251 Pac. 882.

the notice that the described territory was surrounded on three sides by district No. 133.

The hearing was had pursuant to notice, at which evidence was received for and against the proposed change, by the superintendent, who thereupon made his findings and judgment ordering the change of boundary, annexing the territory described in the notice and in the order to district No. 133.

Appellants, being residents of the territory affected, appealed to the superior court. A trial was had in that court on the appeal, resulting in a judgment confirming the proceedings and judgment of the superintendent.

At the trial on appeal, appellants moved to dismiss the proceedings before the superintendent for the reason that his record did not show that he had jurisdiction of the matter, and that, having no jurisdiction, the superior court obtained no jurisdiction on appeal. At the conclusion of the evidence they also moved for a dismissal of the appeal, or for a nonsuit. These motions were denied.

The proceedings were initiated by the county school superintendent under Rem. Comp. Stat., § 4727, [P. C. § 4919], which, so far as material here, reads:

"Whenever any part of a school district of the third class in which no high school is maintained is bounded on three sides by a school district of the second class in which a high school is situated and maintained, the county superintendent of schools may, without petition, transfer the territory of the school district of the third class so bounded to the school district of the second class in which said high school is situated and maintained: Provided, That the county superintendent of schools, shall hold a hearing upon the advisability of said transfer, and shall give notice of the time and place of said hearing to the parties interested, by causing notices to be posted at least twenty (20) days prior to the time appointed by him for said hear-

ing, in at least three of the most public places in the territory proposed to be transferred, and one on the school house door of each district affected by the proposed change. On the day, and at the place fixed in the notice, he shall hold said hearing and if he deem it advisable to make such transfer, he shall make an order establishing said transfer, and shall certify his action to the board of county commissioners at their next regular meeting. . . ."

[1] Appellants contend that, under the requirements of the statute above quoted, the trial court erred in holding that the posting of the notices by the superintendent was sufficient.

The transcript shows proof of posting of the notices at certain specified places in the county, on public roads and a copy of the notice on the door of each school house in the two districts affected.

The trial court found that on January 3, 1925, the superintendent "caused to be posted, as provided by law, notice of the hearing to be held, etc., which notice was duly posted for the time, at the places, and in the manner provided by law."

The trial court having heard the evidence and there being no other record before us than the transcript, that finding cannot be disturbed. It establishes the fact that notices were posted in the places required by law, including the most public places in the territory proposed to be transferred, and on the school house door of the school of each district.

[2] It is next claimed that the court erred in holding that the record of the county superintendent shows jurisdiction in the county superintendent to order a change of boundary.

It is argued that the superintendent could not act except under the conditions of the statute above quoted: (1) where a portion of a district of the third

class in which no high school is maintained is surrounded on three sides by (2) a district of the second class in which a high school is maintained.

Appellant contends that the record of the superintendent is entirely silent as to the class of district No. 12 as to the non-maintenance of a high school, and that without these facts he had no jurisdiction to act at all.

Appellants have mistaken the record. The superintendent made findings which were certified to the superior court on appeal, in the fourth of which he certified that "the territory remaining in district No. 12, both in area and valuation, is sufficient for the needs of district No. 12, while operating as a non-high school district." This is a sufficient finding that no high school was maintained in district No. 12.

As a further basis for jurisdiction of the superintendent's action upon his own motion, and complementing the fourth, the sixth finding of the superintendent recites that district No. 133 is "a school district of the second class in which an accredited high school is maintained."

Under the statute governing the matter, the findings of the superintendent, and of the superior court on appeal sustaining the superintendent, the contentions of appellants are untenable, and the authorities cited by them on the question of jurisdiction of special or limited tribunals are inapplicable.

The judgment is affirmed.

TOLMAN, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.