[No. 20922.   Department Two.   April 3, 1928.]

SCHOOL DISTRICT No. 88 OF LINCOLN COUNTY *et al.,* *Appellants,* v. CARL W. MORGAN, *as Superintendent of Schools, et al., Respondents.*[1]

[1] SCHOOLS AND SCHOOL DISTRICTS (9)—ALTERATION OF DISTRICTS—NOTICE. The fact that notice of an application for alteration of school districts was given by the plaintiffs, instead of by the superior court as provided in Rem. Comp. Stat., § 5067, is immaterial where the defendants appeared in court at the time of hearing.

[2] SCHOOLS AND SCHOOL DISTRICTS (11)—ALTERATION OF DISTRICTS—COUNTY SUPERINTENDENT'S RETURN—FAILURE TO FILE. The failure of the county superintendent to certify his return upon an application for change of boundaries of a school district, as required by Rem. Comp. Stat., § 4728, is not ground for vacating the county superintendent's order, where no motion was made requiring such certification.

[3] SCHOOLS AND SCHOOL DISTRICTS (11)—ALTERATION OF DISTRICTS—NOTICE—PRESUMPTION AS TO POSTING. In the absence of evidence as to the posting of notice of the change of school districts, as required by Rem. Comp. Stat., §§ 4722, 4727, it will be presumed that the county school superintendent duly performed his duty as to such posting.

[4] SCHOOLS AND SCHOOL DISTRICTS (11)—ALTERATION OF DISTRICTS—REVIEW OF ACTION OF COUNTY SUPERINTENDENT. The action of the county superintendent of schools in changing school district boundaries cannot be charged as arbitrary and capricious conduct, where the alteration of district boundaries was made on the petition of the majority of the families residing in the territory proposed to be changed from one district to another.

[1] Reported in 266 Pac. 150.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered June 28, 1927, affirming an order of the county school superintendent changing the boundaries of school districts. Affirmed.

*W. W. Zent* and *G. M. Ferris,* for appellants.

*Joseph H. Johnston* and *Pettijohn & McCallum,* for respondents.

HOLCOMB, J.—This litigation originated by a petition filed in accordance with the provisions of Rem. Comp. Stat., § 4727 [P. C. § 4919], by a majority of heads of families residing in certain territory in a school district in Lincoln county, to the county superintendent of schools of that county, for the transfer of their school children and lands from district No. 88 of Lincoln county to district No. 156 of that county, and stated that:

"Our reasons for desiring said change of boundaries are as follows, viz: To afford bus transportation for the children of this territory to the Edwall School where they may enjoy its advantages and there continue their studies in the high school."

The petition by these heads of families was dated February 11, 1927, was filed with the county superintendent of schools on February 25, 1927, a date for hearing was appointed for March 28, 1927, at the court house in Davenport in Lincoln county, a notice of the hearing was apparently given, although no filing of the notice was made of record by the county superintendent until May 28, 1927. A memorandum of the county superintendent shows that on March 28, 1927, at ten o'clock a. m., he proceeded to the hearing of the petition and heard evidence for and against the transfer of the territory. After such hearing, the county superintendent granted the petition and transferred from district No. 88 to district No. 156 sections

24, 25, 26 and the southeast quarter of section 23 of township 24, range 39, E. W. M., which had theretofore been part of district No. 88.

Within thirty days after the decision and order of the county superintendent had been made, the remaining heads of families, eleven in number, in school district No. 88, and the school district, appealed from the decision of the county school superintendent to the superior court under the provisions of Rem. Comp. Stat., §§ 5064, 5065, and 5066 [P. C. § 5211 et seq.]. In accordance with the provisions of § 5066, supra, the private appellants made affidavits as parties aggrieved, setting forth the errors complained of, all of which errors were with respect to matters of fact attempting to show injustice, not only to the children of the portion of the district transferred from No. 88 to No. 156, but particularly to the children remaining in district No. 88 and the school district itself. There was nothing in the affidavits constituting the basis of appeal under § 5066, which provides that "the basis of appeal shall be an affidavit of the party aggrieved, . . . setting forth in a clear and concise manner the errors complained of," in any way tending to show that there was any complaint of error on the part of the county school superintendent for want of notice to appellants.

At any rate, whether or not there was any lack of notice on the part of the county school superintendent of the hearing to be held before him on the matter of the transfer of territory and children, appellants, with one exception, appeared before the county school superintendent and gave evidence in their own behalf on the hearing before him. They were also all represented by an attorney.

[1] Upon the appeal being taken by appellants from the decision of the county school superintendent

to the superior court, instead of causing notice to be given by the superior court, as provided by Rem. Comp. Stat., § 5067 [P. C. § 5214], appellants gave notice of appeal through their attorney to the county school superintendent and the other respondents, in which notice it was asserted that the county school superintendent, for some reason or other not specified, had never acquired jurisdiction to hold any hearing or make any order in the matter. No failure to serve notice was specified as a reason why the county superintendent had not acquired jurisdiction. That the notice was given by appellants instead of by the superior court is immaterial in this case, since the respondents appeared in the superior court at the time of the hearing and presented their evidence.

At the trial in the superior court before the judge, without a jury, appellants sought to avail themselves of a lack of any record in the superintendent's office of notice of the hearing of March 28, before him.

At the conclusion of all the evidence, the superior court sustained the decision of the county school superintendent and entered judgment against appellants.

[2] The first error assigned is in the denial of appellants' motion, made at the commencement of the trial, to vacate the order of the superintendent of schools, upon the ground that the superintendent had not filed a return such as is required by law. The record shows that, upon the appeal being taken from his decision, the superintendent filed in the superior court the petition for change of boundaries, the notice of hearing, his order granting the petition, and the certificate to the board of county commissioners, required by Rem. Comp. Stat., § 4728 [P. C. § 4920]. No motion was made by appellants to require the superintendent to certify the record so filed. Had such motion been made, upon the refusal of the court to

order it, or the superintendent to comply with the same, a motion to vacate might then have been made for want of a certified return. Counsel for respondents at that time offered to have the proper certificate attached, which offer was opposed. We think there was no error in the denial of the motion.

[3] The second assignment is that the record fails to show that there was any notice of the hearing before the superintendent given by the superintendent, and that the hearing and order made by the superintendent were void.

Sections 4722 and 4727, Rem. Comp. Stat., [P. C. §§ 4914, 4919], provide that the superintendent shall cause notices to be posted of hearings in such matters as this, but does not require the superintendent to keep any record showing posting of such notice. In *State ex rel. Harris v. Ward,* 69 Wash. 342, 124 Pac. 913, involving a statute requiring similar notice to be given, we said:

"The statute does not provide that the record showing the proofs of the posting shall be preserved by the county superintendent of schools as a part of his records, and the court below permitted the parties to introduce oral evidence upon the question, and found therefrom that the notices had been posted for the required time."

In the case at bar, no evidence was introduced by either side as to the posting or lack of posting of notices by the county superintendent; but the law presumes that an officer charged with the performance of such duty did not neglect the same, but duly performed it at the proper time and in the proper manner, in the absence of evidence to the contrary. *Kimball v. School District No. 122,* 23 Wash. 520, 63 Pac. 213; *Hays v. Hill,* 23 Wash. 730, 63 Pac. 576; *Templeton v. Pierce County,* 25 Wash. 377, 65 Pac. 553; *State ex rel. Ander-*

*son v. Port of Tillamook,* 62 Ore. 332, 124 Pac. 637;
*Tooele Bldg. Ass'n v. Tooele High School District No.
1,* 43 Utah 362, 134 Pac. 894.

Appellants contend that no presumption attaches to
the validity of the act or proceedings of an officer or
tribunal of special or limited jurisdiction and au-
thority, such as the superintendent here.

In general, it is to be presumed that everything done
by an officer in connection with the performance of an
official act in the line of his duty was legally done,
whether prior to such act, such as giving notice, or
determining the existence of conditions prescribed as
a prerequisite to legal action, or subsequent to such
act. 22 C. J. 134.

"Among the numerous classes of officers or official
bodies in favor of whose acts a presumption of reg-
ularity has been entertained are the following: . . .
boards of education, . . . ; school officers, etc."
*Idem,* 136, 137, 139.

See, also, *Hill v. Calkins-Rice,* 102 Wash. 118, 172
Pac. 829.

Such presumption in favor of such officer is a re-
buttable presumption and of course can be rebutted
by evidence to the contrary. In this case, there was no
such evidence on behalf of appellants. In this state
the giving or failing to give such notice under our
statute is a matter of fact which can be proven or dis-
proven at the trial on appeal. *State ex rel. Harris v.
Ward, supra; In re School Districts No. 12 and 133,* 141
Wash. 538, 251 Pac. 882.

*State v. Collins,* 116 Wash. 363, 199 Pac. 745, cited
by appellants, a criminal case involving the jurisdic-
tion of a justice of the peace to proceed to judgment
in the absence of a showing in his record of compliance
with the statutes provided in such cases, is not in point.
Nor is *State ex rel. Cation v. Superior Court,* 110 Wash.

506, 188 Pac. 546, where the record affirmatively showed one kind of proof of service, when the statute required another. *State ex rel. Stengl v. Cary,* 132 Wis. 501, 112 N. W. 428, cited and quoted at length by appellants, is hard to interpret. At the outset, the court disclaimed any intention of passing upon the question of the. sufficiency of proof of notice in that case, but proceeded to discuss it at length and virtually passed upon it. However, it seemed to be based entirely upon prior precedents by that court. So far as it appears to have passed upon the question here presented, it is opposed to our decision in *State ex rel. Harris v. Ward, supra.*

*Lewis v. Young,* 116 Ark. 291, 171 S. W. 1197, cited by appellants, is likewise contrary to our decisions.

*McCray v. Cox,* 105 Ark. 47, 150 S. W. 152, passed upon the application of two different statutes and held that, under the one they held to govern, no notice at all was required.

*Chesney v. Moews,* 317 Ill. 111, 147 N. E. 497, cited by appellants, involved a notice necessary as a valid step toward a special school election. In such case, of course, much more formality in compliance with the statute ought to be required; but even in that case the court held that the county superintendent was not bound by written or documentary evidence, but could receive .oral evidence upon the posting of the notices required by law. It was there held that such notice as was required was shown by the record, and the election sustained. In so far as the court there held that such notice must appear from the record of the officer, it also is opposed to our decision in the *Ward* case, *supra.*

[4] On the merits, appellants earnestly contend that the facilities and resources of their own district No. 88 will be very greatly impaired, and that they

will be unable to maintain a school as good as they have had heretofore for nine months in the year, which should be maintained. They lay great stress upon the position of the county superintendent that he considered the question largely from the viewpoint of the persons asking the change.

The viewpoint last mentioned is evidently what is contemplated by the statute (§ 4727, *supra*). It provides for a petition signed by a majority of the heads of families residing in the territory which it is proposed to transfer or include, describing the change proposed to be made, the reasons for desiring such change and the number of school children residing in the territory to be transferred, to be presented to the county superintendent. Manifestly, the desire of the petitioners is the chief thing to be considered, if it does not result in leaving the remaining school district unable to maintain school at all. This the county superintendent testified was not the fact.

Appellants also emphasize the fact that some of the children transferred to the other district will be compelled to travel eight miles by bus from their homes to the school house in Edwall, and at times the roads will be impassable and the bus unable to travel.

It seems to us that is a matter for the consideration of the persons desiring to be transferred from district No. 88 to the other, and is of no concern to appellants. Nor are those heads of families complaining. They are, in fact, insisting that the transfer be sustained.

The decision in *In re Chicago, Milwaukee & St. Paul R. Co.*, 134 Wash. 182, 235 Pac. 355, does not apply here. There, the persons affected by the consolidation order were complaining. The boundaries in that case had been so extended that the children residing in part of the territory would be compelled to travel a distance of twenty miles to reach the school house, which

rendered the school house so located absolutely inaccessible to them. They were, therefore, deprived of their constitutional right to a free common school education.

In order to sustain the contention of appellants on the merits, there must be a very strong showing of arbitrary and capricious conduct on the part of the officer having charge of the matter involved. His exercise of such broad discretionary powers as have been conferred upon him by statute could only be disturbed by a court, in the event the evidence clearly preponderates against his decision. *State ex rel. Porter v. Superior Court,* 145 Wash. 551, 261 Pac. 90.

Having read the record in the case in its entirety, we are unable to say that the evidence preponderates against the finding of the county superintendent and of the superior court.

The judgment is therefore affirmed.

Askren, Main, and Mitchell, JJ., concur.