[No. 13159.   Department One.   June 23, 1916.]

R. W. HILL, *Appellant*, v. ADA M. CALKINS *et al.*, *Respondents.*[1]

TAXATION—SALES—REMEDIES OF OWNER—ATTACK ON VOID SALES —TENDER. In replevin by a vendee to recover property conditionally sold, in which the defense was that the property had been sold for taxes alleged to be a valid lien, plaintiff's reply that the property was distrained and sold for the taxes of another who was never the owner of the property, is not an attack upon the validity of a tax, and so is not within Rem. & Bal. Code, §§ 955, 956, making tender of the tax justly due a condition precedent to an action to recover property sold for taxes.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 9, 1915, upon granting a nonsuit, in an action of replevin, tried to the court and a jury. Reversed.

*H. W. Lueders*, for appellant.

*J. W. A. Nichols*, for respondents.

FULLERTON, J.—In May, 1913, one Daisy L. Aldrich opened up rooming apartments in the city of Tacoma, par-

[1]Reported in 158 Pac. 347.

tially furnishing them at the time, and adding furniture
thereto during the next four months as her necessities re-
quired.   On September 3, 1913, she made a conditional bill
of sale of the furniture to the respondent Ada M. Calkins.
The contract of sale was in writing, and provided for monthly
payments on the purchase price, made time the essence of
the contract, and authorized the vendor to take possession
of the property in case of default.   The first installment on
the contract, due September 21, 1913, was paid, but no other
of the installments.   On November 5, 1913, the sheriff of
Pierce county distrained the property for a personal prop-
erty tax levied against one Byron L. Aldrich and the Hawley
Hotel, for the years 1912 and 1913, and on November 29,
1913, sold the property to the respondent A. H. Garretson,
giving him a bill of sale therefor.   Subsequently, A. H. Gar-
retson transferred his interest to his co-respondent, Ada M.
Calkins, and she, claiming ownership of the furniture there-
under, refused to make further payments in accordance with
the contract under which she purchased the property from
Daisy L. Aldrich.

The appellant, R. W. Hill, is the assignee of Daisy L.
Aldrich, and instituted this action under the statutes of claim
and delivery to recover the property because of the breach
of the terms of the contract of conditional sale.   His com-
plaint set up the conditional contract of sale and the breach
thereof, alleged that the property had not been taken for
any tax, assessment or fine pursuant to statute, or seized
under any execution levied against the property, and was
otherwise sufficient in form to state a cause of action.   The
respondents answered separately, denying the principal al-
legations of the complaint, and pleading affirmatively the
distraint and sale of the property by the sheriff for taxes,
averring that the taxes were a valid and existing lien on
the property in virtue of the assessments against Byron L.
Aldrich and the Hawley Hotel.   For reply the appellant put
in issue the affirmative allegations of the answer, and set up

that the property was never the property of Byron L. Aldrich or the Hawley Hotel, nor subject to any lien for taxes assessed against them or either of them, and that it was not taken for any tax levied against Daisy L. Aldrich or the appellant Hill.

At the trial, which was had before a jury, there was evidence introduced tending to prove the affirmative allegations of the complaint and the reply. The court, however, on motion of the respondents made at the close of the appellant's case, nonsuited the appellant and dismissed the action on the ground that the action was one to recover property sold for taxes, and that the appellant had neither set forth nor proven the tax that was justly due on the property, or alleged that the tax for which the property was sold was illegal.

In its ruling we think the court was in error. The appellant did not question the validity of the tax under which the property was sold, but contended, and offered proofs tending to show, that the property was never the property of Byron L. Aldrich or the Hawley Hotel, nor subject to distraint and sale for taxes assessed against them, or either of them. In brief, his contention was that his property was distrained and sold for another person's taxes. Such being the claim, he did not have to attack the validity of the tax or tender its payment as a condition precedent to a recovery against the purchaser at the tax sale. He could sue the purchaser directly as for a wrongful taking, and when the tax sale was relied upon to defeat recovery, allege and show that the property was not subject to the lien of the tax or to distraint thereunder. The statute on which the court rested its judgment (Rem. & Bal. Code, §§ 955, 956; P. C. 501 §§ 373, 375) has no application to such a proceeding.

The judgment is reversed, and the cause remanded for a new trial.

MORRIS, C. J., MOUNT, CHADWICK, and ELLIS, JJ., concur.