[No. 5562. Decided September 26, 1905.]

D. H. Wilsey et al., Appellants, v. Edward Cornwall et al., as County Commisioners etc., Respondents.[1]

Schools and School Districts—Establishment of New District—School Superintendent—Powers. New school districts may be formed by the school superintendent, containing less than four sections of land, under 3 Bal. Code, § 2277 (Laws 1901, p. 371, § 2), if the district can support six months school per year, and this question is one for the determination of the superintendent.

Same—Appeal to County Commissioners. Where, upon appeal to the county commissioners, the decision of the school superintendent that a district can support six months school, is affirmed, the decision is final.

Same—Boundaries of New District—Fixed by Superintendent. The school superintendent has power, upon application, to form a new school district and fix its boundaries, and in so doing is not restricted to the territory specified in the petition.

Certiorari—To Review Establishment of School District—County Commissioners' Decision on Appeal From Superintendent—Finality. Certiorari does not lie to review the action of the county commissioners on appeal from the establishment of a new school district by the superintendent of schools, where there was neither want of jurisdiction or action in excess of jurisdiction, 3 Bal. Code, § 2275 (Laws 1899, p. 19) providing that its action on void appeal shall be final.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered November 15, 1904, upon quashing a writ of certiorari to review the establishment of a new school district by the county commissioners on appeal from the superintendent of schools. Affirmed.

Allen H. Reynolds, for appellants.

Lester S. Wilson, for respondents.

Root, J.—Certain residents and heads of families of school district No. 5, in Walla Walla county, petitioned the county school superintendent to form a new school district

[1] Reported in 82 Pac. 303.

from a portion of said district 5, designating and describing
in said petition the land which they desired to have set aside
for such new school district. Upon hearing said petition,
the county superintendent of schools made and entered an
order whereby he assumed to establish a new school dis-
trict, which he designated as school district No. 73, con-
sisting of less than four sections of land, and about seven
hundred acres less than the amount of territory described
in the petition. Appellants, being of said petitioners, there-
upon appealed to the board of county commissioners of said
county, which board, after a hearing, sustained the action
of the school superintendent.

Appellants thereupon applied to the superior court in
said county for a writ of review, directing the defendants
to certify their proceedings to said court for examination.
A motion was made to quash this writ, which motion was
sustained, upon the ground that said writ had been im-
providently issued, and that the affidavit on which the same
was based did not state facts sufficient to justify the issu-
ance of the writ. From this order and judgment, an appeal
is taken to this court.

Appellants maintain that the action of the county school
superintendent and board of county commissioners should
be reviewed for two reasons: (1) Because the district,
which the superintendent attempted to create, consists of less
than four sections of land; (2) because neither the superin-
tendent nor the commissioners had jurisdiction to form any
district other than the one prayed for in the petition.

As to the first point, the statute invoked does not appear
to sustain appellants' contention. A portion of 3 Bal. Code,
§ 2277 [Laws 1901, p. 371, § 2], relied on by appellants,
reads as follows:

"In forming new districts, or transferring territory from
one district to another, or changing boundaries of districts,
no school district shall contain less than four sections of

land, unless said district can support six months' school per year after such change of territory."

From this it appears, by necessary inference, that a new district may be formed, consisting of less than four sections if said district can support six months of school per year.

Whether or not the district can support that amount of school, is a question for the school superintendent to consider and determine in acting upon the petition. There is nothing in the petition indicating that said district could not support that amount of school. In the absence of a showing to the contrary, it must be assumed that the school superintendent and the board of county commissioners found that said district could support a school for six months during the year. This determination was final.

As to the second proposition, we feel that to uphold it would be to place upon the powers of the county school superintendent a limitation which we do not believe the legislature intended. No decision is called to our attention wherein this question has been passed upon by any court. It appears, however, that the question was heretofore submitted to the attorney general of the state and, in an opinion given thereupon, he employs the following language:

"I am of the opinion that the provisions of law are sufficiently broad to allow the school superintendent, after he has heard all the evidence presented by the parties interested, to exercise his judgmnt, within reasonable limits, in the organization of such new districts and the fixing of their boundaries, and that in so doing he may correct any mistakes that may have been made in the description given in the petition, and in a proper case modify the boundaries described therein." 1 Op. Atty. Gen. 197.

We think this holding is correct. If, in thus modifying the boundaries of the proposed new district, he acts unwisely or is guilty of an abuse of discretion, the statute provides for an appeal to the board of county commissioners where the error, if it be such, may be corrected; and said statute

provides that the action of the commissioners shall be final. 3 Bal. Code, § 2275. This being the case, the court would have no jurisdiction to review the action of said board, unless there appeared to be either a want of jurisdiction, or some action in excess of jurisdiction. In this case we think the action of the board not open to either of these objections. The county school superintendent having had jurisdiction of the subject-matter, and the board of county commissioners, upon appeal, having reviewed his action and approved the same, and not having transcended the limits of its jurisdiction, we think the action of the trial court in quashing the writ was right. Said order and judgment are therefore · affirmed.

MOUNT, C. J., HADLEY, DUNBAR, and CROW, JJ., concur.