[No. 14096. Department Two. August 3, 1917.]

## F. M. TUFTS et al., Appellants, v. R. A. RIFFE et al., Respondents.[1]

SCHOOLS AND SCHOOL DISTRICTS—BOUNDARIES—DECISION—REVIEW —ACTION TO SET ASIDE—STATUTES. An action in equity to set aside an order of the board of county commissioners affirming a decision of the superintendent of schools refusing to transfer lands from one school district to another does not lie, and is insufficient as an application for a writ of certiorari to review the same, where it seeks a trial *de novo* and does not bring up the record; in view of Rem. Code, § 4706, providing for appeals from orders of county superintendents relating to boundaries or the adjustment of assets and liabilities to the board of county commissioners, and for appeals to the courts only in "matters involving the construction of contracts," and § 4711, wnich provides that, on appeals to the board of county commissioners, its decision "shall be final unless set aside by a court of competent jurisdiction in an action brought therein to review such order or decision," which refers to certiorari to review the order on the record, and not by trial *de novo*.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered October 24, 1916, upon sustaining a demurrer to the complaint, dismissing an action to set aside an order of the board of county commissioners upon appeal from a decision of the superintendent of schools. Affirmed.

*John L. Dirks*, for appellants.

*J. D. McCallum*, for respondents.

ELLIS, C. J.—In this action plaintiffs seek to set aside an order of the board of county commissioners of Lincoln county affirming a decision of the superintendent of schools of that county denying a petition to transfer certain lands of plaintiff F. M. Tufts from school district No. 118 to school district No. 98, both districts being located in Lincoln county. The other plaintiffs, J. R. Wyborny, James P. Tufts and E. E. Johnson, are the directors of district No. 98.

[1]Reported in 166 Pac. 788.

In the complaint it is alleged, in substance, that, on October 27, 1914, plaintiffs filed with the superintendent of schools for Lincoln county their petition for the desired transfer, which petition was denied; that they thereupon appealed from the decision of the superintendent to the board of county commissioners, which board sustained the order of the superintendent denying the petition; that, on the hearing before that board, witnesses were examined and evidence introduced in support of the petition; that the grounds of the petition were excessive distance and inaccessibility of the schoolhouse in district No. 118 from the lands in question. The prayer is that the decision of the board of commissioners and of the school superintendent be reversed, set aside, and held for naught, that the prayer of the petition be granted, and that the board of commissioners and school superintendent be directed to make the desired transfer, and for general relief.

Defendants demurred to the complaint on the ground, among others, that the superior court has no jurisdiction of the subject-matter of the action. The demurrer was sustained. Plaintiffs declining to plead further, the action was dismissed. They appeal.

Appeals from and reviews of decisions or orders of school officers, school boards, and boards of county commissioners touching school matters are governed by the act of 1909, embodied in Title 28, chapter 35 of Rem. Code. We shall refer to the code sections.

Section 4706 provides that an appeal may be taken by any person or persons aggrieved thereby from any decision or order of any school officer or school board, within thirty days after such decision, "to the proper officer or board as hereinafter provided."

Section 4707 is as follows:

"Appeals from the decision or order, or from the failure to decide or order, by a board of school directors shall be taken to the county superintendent of schools in and for the county. Appeals from the decision or order, or the failure to decide

or order, of a county superintendent of schools shall, when relating to the territory or boundaries, or to the adjustment of the assets or liability of school districts, be taken to the board of county commissioners wherein the territory lies, but when relating to the operation or management of schools, or the property of the school district or to the relations with teachers such appeal shall be taken to the superintendent of public instruction: Provided, that in matters involving the construction of contracts the appeal shall be taken to the court of the proper resort."

Section 4708 provides that the basis of appeal shall be an affidavit or affidavits of the party aggrieved.

Section 4709 provides for the filing, within twenty days after notice, of a complete certified transcript "of the record and papers and proceedings relating to the decision complained of," with the officer or board to whom the appeal is taken.

Section 4710 prescribes the mode and scope of the hearing of the appeal by the county superintendent, board of county commissioners, or superintendent of public instruction, as the case may be, and accords a hearing *de novo* by the board of county commissioners only.

Section 4711 declares:

"In decisions of appeal by the superintendent of public instruction and by the board of county commissioners the decision or order shall be final unless set aside by a court of competent jurisdiction in an action brought therein to review such order or decision."

Appellants cite the section last above quoted as authority for the procedure by independent action seeking a trial *de novo* in the superior court. They have mistaken their remedy. The governing statute gives no appeal to the courts except "in matters involving the construction of contracts." See proviso, § 4707, above quoted. Section 4711 does not provide for an appeal nor for a hearing *de novo*, but only for a review by the court in an action brought for that purpose. Obviously the proceeding contemplated by this section is by

certiorari to review the decision or order complained of on the record made before the county superintendent and board of county commissioners, which is a very different thing from a trial *de novo*, such as appellants seek in the complaint before us. This complaint does not purport to be, and is in any event wholly insufficient to operate as, an application for a writ of review. It does not bring up, nor seek to have certified to the superior court, the record made nor the evidence taken on the hearing before the board of county commissioners, though the fact that witnesses were examined and evidence taken on that hearing is affirmatively alleged. The complaint can only be construed as a bill in equity seeking the relief asked for in the petition through a trial *de novo*. No such jurisdiction is conferred by the statute. The demurrer was properly sustained.

The cases of *Wilsey v. Cornwall*, 40 Wash. 250, 82 Pac. 303, and *State ex rel. School District etc. v. Board of County Com'rs*, 72 Wash. 454, 130 Pac. 749, cited by appellants, so far as they have any bearing on the question here involved, sustain the view here expressed.

The judgment is affirmed.

Fullerton, Mount, Parker, and Holcomb, JJ., concur.