[No. 15165.   Department Two.   October 22, 1919.]

THE STATE OF WASHINGTON, *on the Relation of*
*F. Calouri et al., Respondent,* v. J. T. STRATTON
*et al., Appellants.*[1]

STATUTES (62) — CONSTRUCTION — CONFLICTING SECTIONS.   Rem.
Code, § 4711, of the school code, being later in time, controls earlier
sections in the same code, so far as there is conflict.

SCHOOLS AND SCHOOL DISTRICTS (11)—BOUNDARIES—ALTERATION—
REVIEW OF DECISION.   Under Rem. Code, § 4711, of the school code,
providing that decisions on appeal by the county commissioners shall
be final unless set aside by a court of competent jurisdiction in an
action brought to review the same, certiorari lies to review de-
cisions on appeal from the county superintendent, notwithstanding
the earlier section 4707 provides that decisions on appeal by the
board shall be final.

SAME (11).   Under Rem. Code, § 4707, providing for appeals from
decisions of the county superintendent to the county commissioners,
and § 4711, providing for review by the courts of the latter, appeal
lies to the board from the school superintendent, and certiorari lies
to the courts from the board but not from the school superintendent.

SAME (7-1-9) — BOUNDARIES—ALTERATION—PETITION — REQUISITES.
Upon petition to the county school superintendent for a change of
school district boundaries, the superintendent cannot radically de-
part from the petition and transfer from one district to another
territory not described in the petition, except as necessary to cor-
rect the descriptions.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered October 1, 1918,
setting aside an order of the county school superin-
tendent changing the boundaries of a school district,
on review of the decision of the board of county com-
missioners affirming the order.   Affirmed.

*John I. O'Phelan* and *Fred M. Bond,* for appellants.
*Herman Murray,* for respondent.

[1]Reported in 185 Pac. 610.

FULLERTON, J.—School district No. 24, of Pacific county, petitioned the county school superintendent of that county to "change the boundaries of school districts Nos. 6-14-24-29," by incorporating in and making a part of the petitioning district certain described territory then forming a part of the other school districts named, which districts partially surrounded and abutted upon the petitioning district. The territory petitioned to be set over was described by sections according to the government surveys. It formed, however, a contiguous body of land. The application was set for hearing, and notice thereof given to the districts interested by the county superintendent. At the hearing, representatives of all of the school districts named appeared, and evidence was heard as to the necessity and advisability of making a transfer, at the conclusion of which the superintendent took the matter under advisement. Some days later she rendered a decision, finding it to be to the public interest that a portion of the territory described in the petition, and forming a part of districts Nos. 14 and 29, be transferred to district No. 24, and that a tier of sections, six in number, extending across the southern boundary of district No. 14, not described in the petition, be likewise transferred, and entered an order accordingly.

District No. 14, feeling aggrieved at the part of the order transferring the territory not included in the petition, appealed from that part of the order to the board of county commissioners of Pacific county. The superintendent, in response to the notice of appeal, made return of her proceedings to the board of county commissioners, and that body, at its next ensuing session, but without notice to the appellant or any of the other parties interested, entered an order approving the action of the superintendent. School district No. 14 thereupon sued out a writ of certiorari in the

superior court, directed to the county commissioners and to the superintendent, seeking a review of the orders entered. On the service of the writ, the commissioners and the superintendent appeared severally and specially and moved to .quash the writ on the ground of want òf jurisdiction in the superior court. These motions were overruled, whereupon the parties made a joint return showing the transaction from its inception to the final order of the county commissioners. At the hearing on the return, the superior court held the order of the superintendent, in so far as it purported to transfer territory from school district No. 14 to school district No. 24, not included in the petition for the transfer, to be null and void, and entered a judgment setting aside and holding for naught that part of the order; enjoining the parties, and all other persons interested, from acting pursuant to the order. The county school superintendent and the board of county commissioners appeal from the judgment.

The first contention made by the appellants' counsel is that the court erred in overruling the motions to quash the writ. The grounds upon which the contention is based are not quite the same with respect to the two appellants. The contention with respect to the board of county commissioners is founded upon §§ 4707 and 4434 of Rem. Code. By § 4707 it is provided that appeals from the decisions or orders of the county superintendent, when relating to the territory or boundaries of school districts, shall be taken to the board of county commissioners of the county wherein the territory lies, and § 4434 provides that the decision of the board of county commissioners on the appeal shall be final. The argument is that the legislature has the power to prescribe in what tribunal the final determination of questions of this sort shall rest, and

since they have designated the board of county com-
missioners as that tribunal, the courts are without
jurisdiction, either by appeal or by a writ of review,
to question the validity of their judgment. But we do
not find the code quite consistent in its provisions
relating to the conclusiveness of such orders. The sec-
tion relied upon is a part of the act of the legislature
known as the code of public instruction. In the chap-
ter of that code governing appeals from the decisions
of the various school authorities is another section
relating to the finality of the appellate bodies. In that
section (Rem. Code, § 4711), it is provided that the
decisions ''of appeal by . . . the board of county
commissioners . . . shall be final unless set aside
by a court of competent jurisdiction, in an action
brought therein to review such order or decision.''
This section relates to the same subject-matter as does
the section relied upon, and, since it is contained in
the same enactment and later in time, controls in so
far as there is a conflict between them. It follows,
therefore, that the order of the board may be reviewed
by the courts in a proper procedure brought for that
purpose. The form of such a procedure seems to have
been left somewhat indefinite by the statute, and was
before us for consideration in the case of *Tufts v.
Riffe*, 97 Wash. 500, 166 Pac. 788. In that case we held
that a review by writ of certiorari was intended,
affirming the judgment of the trial court, which dis-
missed an independent action brought for that pur-
pose. These considerations lead to the conclusion that
the motion of the county commissioners to quash the
writ was properly denied.

The assignment that the court erred in overruling
the motion of the county superintendent to quash the
writ is based upon two grounds: first, that there was
an adequate remedy by appeal; and second, that the

writ came too late. As a question of procedure, we are inclined to think the objections are well taken. The practice contemplates, we think, an appeal to the county commissioners from the orders of the county superintendent, and a writ of review from orders of the county commissioners to the superior court. In such a review the court can direct the county commissioners to make such orders as the record on the appeal required them to make, and if such record required a change in the county superintendent's order, the court's judgment should direct the commissioners to enter an order requiring such change. To take the present case as an illustration: If the superintendent, in her order changing the boundaries of the school districts in question, included in the change territory which ought not to have been so included, it was the duty of the county commissioners, on the appeal, to enter an order directing the county superintendent to so change her own order as to make it conform to the right of the matter, and if the county commissioners erred in that duty, it was the province of the court, in its judgment on the writ of review, to direct them to enter the proper order. Since, however, the court's writ ran to the county superintendent as well as to the county commissioners, it is seen that the court has done in one form what perhaps it should have done in another. But, as it is the procedure and not the judgment that is erroneous, nothing would be gained in this instance by correcting the procedure, and we see no necessity for so doing.

The remaining question is whether the county superintendent exceeded her powers when she transferred to the petitioning district territory not described in the petition for the transfer. It is doubtless true that the county superintendent, when acting upon a petition of this sort, may exercise some degree of discretion. He

may, for example, transfer less territory than the petition requests, and may "correct any mistakes that may have been made in the description given in the petition, and in a proper case modify the boundaries described therein." *Wilsey v. Cornwall,* 40 Wash. 250, 82 Pac. 303. But these rules do not permit, we think, radical departures from the description of the petition, where the effect of the departure is to transfer territory not described in the petition. Such transfers in excess of the petition as are made necessary by a correction of the descriptions may properly be allowed, but, clearly, it would be contrary to the spirit of the statute, which is somewhat specific in prescribing the procedure, to say that the petition opened the field, leaving it optional with the superintendent to determine what territory should, and what territory should not, be transferred. Here, the transfer of the undescribed territory was not made necessary by a correction of mistakes in the description of the boundary contained in the petition, nor was the territory transferred inconsequential. On the contrary, the departure from the description was radical. In addition to the six sections of land here in controversy, twelve additional sections, making an area of eighteen square miles, were transferred.

We think the trial court rightly adjudged that the county superintendent exceeded her powers, and its judgment will stand affirmed.

HOLCOMB, C. J., MOUNT, PARKER, and BRIDGES, JJ., concur.