[No. 21068.   Department One.   April 14, 1928.]

THE STATE OF WASHINGTON, *on the Relation of G. A. Lukens, Appellant,* v. SPOKANE SCHOOL DISTRICT No. 81 OF SPOKANE COUNTY, *Respondent.*[1]

[1] SCHOOLS AND SCHOOL DISTRICTS (22-1)—LOCATION AND PURCHASE OF SITE—REVIEW—DISCRETION.   Upon appeal from a decision of school directors and the county superintendent, selecting a site for a schoolhouse, under Rem. 1927 Sup., § 5068, making a trial *de novo* discretional with the superior court, it is not an abuse of discretion to refuse a trial *de novo* where it appears from the record presented that appellants were not entitled to relief, and it is immaterial whether the objection was presented by demurrer or in some other way, written or oral.

[2] SAME (22) — SCHOOL BUILDINGS — CHANGE OF SITE — VESTED RIGHTS.   There is no vested right in favor of adjacent property owners, in the permanency of the location of a school building that would prevent its abandonment for a new site.

[3] SAME (22-1)—CHANGE OF SITE—REVIEW.   The decision to construct a new school building will not be disturbed by the courts upon appeal because of the excessive cost, where it appears that the school directors had sought and were acting upon the advice and detailed reports of expert builders and architects favorable to the proposed construction.

[4] SAME (22-1).   That a new schoolhouse site contains insufficient area, is purely a conclusion or matter of opinion.

[5] SAME (22-1).   The decision to construct a new school building will not be disturbed by the courts upon appeal because of insecurity of the foundations, where the school directors were acting upon favorable reports by experts after thorough examination tests.

[6] SAME (22-1).   The wastefulness and extravagance of school directors in handling school funds, is immaterial on the question of the selection of a new site.

[7] SAME (22-1).   Directors of a school district of the first class, are authorized to purchase school sites and erect school buildings without submitting the matter to popular vote of the district.

[1] Reported in 266 Pac. 189.

[8] SAME (22-1).  The courts have no power to review the discretionary action of school directors as to the site and construction of school buildings, after they have examined into and exercised their discretion.

Appeal from a judgment of the superior court for Spokane county, Witt, J., entered October 13, 1927, dismissing an appeal from an order of the county superintendent of schools fixing the location of a new school building.  Affirmed.

*Neil C. Bardsley,* for appellant.
*Davis, Heil & Davis,* for respondent.

MITCHELL, J.—This appeal presents a controversy between the patrons of the Lincoln grade school in Spokane and the board of directors of school district number 81 which comprises the city of Spokane and contiguous territory.  The Lincoln building was erected in 1888, and improved thereafter several times.  It was so completely destroyed by fire in 1926 that the district collected $124,000 insurance money.  The school directors proceeded to remedy the situation, and for that purpose, upon what appeared to have been a careful investigation and consideration, proposed to erect a new building on a new site some three blocks from the old site.  An option was secured to purchase the land selected for the new site.  G. A. Lukens and a large number of other residents and patrons of the school protested against a removal and insisted upon rebuilding on the old site.  For that purpose he instituted mandamus proceedings against the school board in the superior court, which proceedings were dismissed upon the board's motion, from which no appeal was taken.

Thereafter one or more hearings were had before the board of directors when, as the record shows, con-

siderable evidence by way of reports of investigations made by experts, official and otherwise, and oral statements and evidence for and against the proposed change was submitted. The school board decided to make the change and to erect a building on the new site and unanimously entered a resolution or order to that effect and also an order directing the purchase of the new site. Lukens and others appealed to the county superintendent of schools, furnishing a certified transcript of the records, papers and proceedings relating to the matter before the school board.

The parties appeared before the county superintendent of schools at the time fixed for the hearing, and upon consideration by the superintendent of the evidence introduced by both sides and arguments of their attorneys, he decided that the subject-matter was within the discretion of the board of school directors, and there being no showing of fraud, collusion or abuse of discretion against them, dismissed the appeal. Thereupon Lukens and others appealed to the superior court. When the cause came on to be heard in the superior court, a demurrer was filed by the school district to the proceedings on the grounds that the appellant had no right to sue, that the court had no jurisdiction of the subject-matter, and that the affidavit and proceedings do not state facts sufficient to constitute a cause of action. The demurrer was sustained, and judgment entered dismissing the proceedings with prejudice. Lukens, for himself and others, has appealed.

The facts and history of the case as above recited appear upon the certified transcript of the proceedings supplied by the appellants to the superior court at the hearing therein and now supplied to this court by the appellants. In this court, however, the argument is extended beyond the contents of the transcript furn-

ished; that is, it embraces pleadings or petitions and papers not found in the transcript, but to that extent they are discussed in the written briefs of both parties. We shall consider the case accordingly.

The view we take of the merits of the case renders it unnecessary to pass upon respondent's contentions, (1) that the appellants were not persons aggrieved within the terms of the statute so as to entitle them to appeal to the superior court, and (2) that the superior court had no jurisdiction of the subject-matter.

[1] The first claim of error on the part of the appellants is that the law does not contemplate the filing of a demurrer in proceedings of this nature. But, as stated in *State ex rel. Hawes v. Brewer,* 39 Wash. 65, 80 Pac. 1001, 109 Am. St. 858, 4 Ann. Cas. 197,

"The common law forms of pleading have been abolished by the code."

The statute governing appeals in cases of this kind, Rem. 1927 Sup., § 5068, makes a trial *de novo* discretional with the superior court; that is, it provides that, in case of an appeal to the superior court, "the court may hear the case *de novo,*" and certainly there was no abuse of discretion here on the part of the superior court in not hearing the case *de novo,* but deciding it upon the record presented as by law required by the appellants to the superior court, where it appeared therefrom that the appellants were not entitled to relief, whether the exercise of that judgment and discretion on the part of the superior court was suggested immediately by a demurrer or in some other way, oral or written.

[2] Considering the affidavit on which the appeal from the school board was taken together with appellant's petition to the school board, it is alleged that the proposed new building and site will cost about $200,000. Further allegations are as follows:

(1)  That many people have built homes, improved their lands and yards, established residences and maintained places of business with reference to the old school site as being permanent, which has become a vested right, the violation of which will deprive petitioners of their property without due process of law. No law is cited nor reason given for the argument and we know of none that courts will apply.  The judgment of public authorities in the matter of the location and change of location of public buildings will not be interfered with by the courts upon such considerations.

[3]  (2)  That petitioners had caused a reliable contractor, who has built many school houses in this state, to make an estimate of the cost of rebuilding on the old site, and that by the use of salvaged material a modern building can be constructed on the old site for less than $100,000.  It was not charged or alleged that the proposed building on the new site will be less economical altogether than the one under their estimate for the old site.  Besides, the record before the court showed that the school directors, not relying solely upon their personal knowledge, had sought the advice and obtained reports in considerable detail from a number of expert builders and architects and from the building inspector of the city with reference to the two plans, which reports were unfavorable to rebuilding on the old site.  Of the existence of this information before the board at and prior to the time the matter was decided by it, there is no denial in the charges or petition of the appellant and his associates.

[4]  (3)  That the new site contains less area than the old one and is insufficient for the proper needs of the school.  This, of course, is purely a conclusion or matter of opinion.

[5]  (4)  That the new site will not afford a stable foundation for the building proposed by the school

board. It was not alleged that the school directors were aware of such fact or opinion. On the contrary the record presented to the court by the appellants shows that the school board had that matter quite thoroughly examined and tested by experts who made a favorable report, the existence of which information at the time the board decided the matter was not denied by the appellants.

[6] (5) That the school directors have been wasteful and extravagant in the handling of school funds; in support of which charge appellants furnished in their petition the comparative costs of school buildings of different kinds and sizes in the city as compared with the costs of school buildings of different kinds outside of the district. That matter, however, is entirely foreign and immaterial to any pertinent inquiry in this case.

(6) That the indebtedness created by the budget, which contemplates a new building, together with the bonded indebtedness of the county, city, and school district exceed the constitutional limit of indebtedness. If the computation contained in the pleading or petition is correct, then neither school house can be built. We shall not analyze the figures nor set out the provisions of the constitution and statutes upon the subject. Certain items have been erroneously included in the computation, while other important ones have been omitted. There is no merit in this contention.

[7] (7) That, after the fire, the school board submitted to the voters of the district the question, "Shall the district levy a one mill tax for the purpose of buying site, erection of school building and equipment," and that the question was voted on at a regular election and defeated. Therefrom it is alleged that, for the directors to proceed with their present plan, constitutes conduct that is arbitrary and in excess of their

authority. Under the school code, ch. 97, Laws of 1909, p. 230, the same being Rem. Comp. Stat., § 4518 *et seq.* [P. C. § 4720 *et seq.*], school districts are divided into three classes. As to districts of the second class it is provided, Rem. Comp. Stat., § 4819:

"The board shall build or remove school houses, purchase or sell lots or other real estate when directed by a vote of the district to do so  . . ."

and as to districts of the third class, Rem. Comp. Stat., § 4836 provides how the board of directors shall proceed when they

". . . shall be authorized by the electors of their district to erect a school building."

However, the respondent school district, comprising as it does the city of Spokane, is a school district of the first class, Rem. Comp. Stat., § 4695 [P. C. § 4899], and the law defining its powers contains no provision requiring a popular vote of the district to authorize the purchase of school sites or to erect and furnish school buildings. The only provision on the subject to which our attention has been called or that we are aware of is Rem. Comp. Stat., § 4809 [P. C. § 5013], which says:

"The board of directors shall annually, at a meeting next preceding the annual tax levy for state and county purposes, report to the board of county commissioners an estimate of the amount of funds, in addition to estimated receipts from the state and county apportionments for said district, required for the support of the schools, for the purchase of school sites, the erection and furnishing of school buildings,  . . ."

This is but a reprint of a former statute, Bal. Code, vol. 3, § 2367, under which it was held in *Nichols v. School District,* 39 Wash. 137, 81 Pac. 325, that the school district in which the city of Tacoma was situated had authority, without a popular vote of the district, to purchase and pay for a site for a school building.

A popular vote in such a case is only advisory, not affecting the power of the board of directors in school districts of the first class.

[8] In a nut shell, this whole controversy arises over a question of judgment. The petitioners before the board, the appellants here, are not in agreement with the members of the board. That disagreement of itself is not for the courts. The law has plainly vested the board of directors of school districts such as this with discretionary powers in such matters, and the directors having examined into and passed upon the matter in the exercise of their discretion, the courts have no right or power to review the conclusions reached by them as a board in the absence of a showing of abuse of discretion on their part, which is not the case here.

Affirmed.

MACKINTOSH, C. J., FRENCH, and PARKER, JJ., concur.