*In the Matter of the Appeal of the* CHELAN ELECTRIC
COMPANY.[1]

*Post & Russell,* for appellant.
*A. N. Corbin,* for respondent.

FRENCH, J.—School district No. 108 and school district No. 17 are in Chelan county, the first mentioned school district being a school district of the second class, while the other district is a district of the third class.  Certain lands located in school district No. 17 are bounded on three sides by school district No. 108. The county school superintendent of Chelan county, acting under Rem. Comp. Stat., § 4727, gave due notice of an intention to transfer this land from school district No. 17 to school district No. 108.  A hearing was had, findings made, and the property ordered transferred.  Appellant, being the owner of the land in question, has protested at all times, and the matter has finally reached this court.

As we understand the record, no question is raised as to the regularity of the proceedings of the county

[1]Reported in 278 Pac. 171.

school superintendent in making the transfer. The purpose of the transfer, as we understand it, was to bring more taxable property into school district No. 108.

The property transferred is rough, mountainous country, and there are no school children residing upon the property transferred, and it is valuable largely because of the improvements placed upon the land by appellant. The sole question involved here is, Can a property owner prevent the transfer of his property from one school district to another, his protest being based solely on the fact that his taxes will probably be increased? We think it might be well conceded that the district from which this property was taken might complain under certain circumstances, or the children residing within the district might complain under certain circumstances, but the protest is on behalf of the land owner only.

Our statute provides:

"For the purpose of transferring territory from one district to another or enlarging the boundaries of any school district, a petition in writing shall be presented to the county superintendent, signed by a majority of the heads of families residing in the territory which it is proposed to transfer or include, or in case there be no family resident in such territory then by the board of directors in one of the districts affected by such proposed change, which petition shall describe the change which it is proposed to have made. It shall also state the reason for desiring said change, and the number of children of school age if any residing in the territory to be transferred. For such proposed transfer of territory the notices shall be posted and the hearing and appeal shall be the same as for the formation of a new district; Provided, that whenever any part of a school district of the third class in which no high school is maintained is bounded on three sides by a school district of the second class in which a high school is situated and maintained, the county superintendent of

schools may without petition, transfer the territory of the school district of the third class so bounded to the school district of the second class in which said high school is situated and maintained: Provided, that the county superintendent of schools, shall hold a hearing upon the advisability of said transfer, and shall give notice of the time and place of said hearing to the parties interested, by causing notices to be posted at least twenty (20) days prior to the time appointed by him for said hearing, in at least three of the most public places in the territory proposed to be transferred, and one on the schoolhouse door of each district affected by the proposed change. On the day, and at the place fixed in the notice, he shall hold said hearing and if he deem it advisable to make such transfer, he shall make an order establishing such transfer, and shall certify his action to the board of county commissioners at their next regular meeting. Upon making such transfer of territory the county superintendent of schools shall fix a time and place for adjusting the assets and liabilities of the school districts affected, and shall give notice thereof by posting said notice at least twenty days prior to the appointed time in not less than three of the most public places in the district from which the territory was transferred (at least one of which shall be in the territory transferred), and a like number in the district to which the territory is transferred. At the time and place fixed he shall hear the testimony offered by any interested party or district, and make an equitable adjustment of all property, debts and liabilities among the districts affected in the same manner and to the same effect as is provided in § 4728.'' Rem. Comp. Stat., § 4727.

It will be observed from a careful reading of the above quoted portion of the statute that, in a situation such as we have here, a county superintendent of schools is given broad discretionary powers. The general rule is:

"CHANGE OF BOUNDARIES.—The boundaries of school districts may be changed at the will of the legislature, and the constitutions and statutes very commonly pro-

vide for such change on petition of the residents, citizens or voters thereof. In some cases the power to create and change the boundaries is vested by the legislature in local boards or officers. In such case the discretion of the board is broad, and the courts will not interfere with its exercise except in cases of clear abuse thereof, and the acquiescence of the complainant in the change constitutes a ground for refusal of equitable interference. Where proceedings have been regularly carried through changing the boundaries of a school district, and the local board in effecting the change by mistake includes in the new boundaries land properly belonging to another district, the action as to that land is a mere nullity." 24 R. C. L., § 9, p. 566.

This court, in the case of *State ex rel. News Publishing Co. v. Milligan,* 3 Wash. 144, 28 Pac. 369, announced the same principle, and it was affirmed in the cases of *Nichols v. School District,* 39 Wash. 137, 81 Pac. 325, and in *In re Drainage District No. 10,* 119 Wash. 8, 204 Pac. 1050. The same principle was again followed in our late case of *State ex rel. Lukens v. Spokane School District No. 81,* 147 Wash. 467, 266 Pac. 189, where this court said:

"In a nut shell, this whole controversy arises over a question of judgment. The petitioners before the board, the appellants here, are not in agreement with the members of the board. That disagreement of itself is not for the courts. The law has plainly vested the board of directors of school districts such as this with discretionary powers in such matters, and the directors having examined into and passed upon the matter in the exercise of their discretion, the courts have no right or power to review the conclusions reached by them as a board in the absence of a showing of abuse of discretion on their part, which is not the case here."

Counsel for appellant cite many cases which indicate that the legislature can not arbitrarily include within

the limits of a town or village property solely for the purpose of increasing the corporate revenues; but such cases are in no way applicable to the situation here before us. This land is already within the territorial limits of one school district, and, strictly complying with the statute, it has been changed to the territorial limits of another school district. The relative rates of tax in the two districts is not a matter with which the courts have any concern. Presumably appellant will be as fairly taxed in one district as in the other. We think it was the clear intention of the legislature, under circumstances such as we have here, to leave the entire matter to the county school superintendent, and that where, as in this case, the only question is, shall property remain in one district or be transferred to another, the owner of the property as a property owner only cannot, under any circumstances, complain. Indeed the only purpose in transferring property from one district to another under circumstances such as we here have, must be to increase the revenues of the district to which the property is to be transferred. When there are, as here, no school children residing on the property transferred, there could be no other purpose to be accomplished, and the question as to the advisability or propriety of such transfer is left solely to the discretion of the county school superintendent.

Affirmed.

MILLARD, MAIN, and PARKER, JJ., concur.