[No. 26027. Department Two. August 12, 1936.]

*In the Matter of* CONSOLIDATED SCHOOL DISTRICT No. 25 WALLA WALLA COUNTY-100 COLUMBIA COUNTY *et al.*[1]

*W. F. Crowe,* for appellants.

*Louis A. Dyar,* for respondents.

MAIN, J.—This is an appeal from a judgment of the superior court sustaining an order of the county superintendents of schools of Walla Walla and Co-

[1] Reported in 59 P. (2d) 1137.

lumbia counties, refusing to transfer certain described lands from one district to another.

May 14, 1932, a petition was presented to the superintendents of schools of Walla Walla and Columbia counties, requesting a transfer of lands described in the petition from district No. 29, of Walla Walla county, to joint districts No. 25-100, Walla Walla and Columbia counties. June 12, 1933, or approximately nine months after the territory was transferred, a petition was filed seeking to transfer the same territory back to district No. 29. The superintendents of the two counties involved denied the petition, and an appeal was taken to the superior court, which sustained the order refusing the transfer. It is from the judgment of the superior court that the appeal is taken to this court.

The refusal to re-transfer the property, as stated in the order of the superintendents of schools, was that:

"It was deemed best for the cause of education to deny the petition."

Rem. Rev. Stat., § 4727 [P. C. § 4919], provides that, for the purpose of transferring territory from one school district to another or enlarging the boundaries of any school district, a petition in writing shall be presented to the county superintendent, signed by the majority of the heads of families residing in the territory which it is proposed to transfer or include. The statute further provides for a hearing before the county superintendent upon such petition, after proper notice as therein specified. In this case, a notice was given and a hearing held by the county superintendents before denying the petition to transfer the territory involved back to district No. 29, in Walla Walla county.

Under this statute, a county superintendent, in

passing on a petition for the transfer of territory from one district to another, may not act arbitrarily or capriciously, but the statute confers upon such officer broad discretionary powers. *State ex rel. Calouri v. Stratton,* 108 Wash. 485, 185 Pac. 610; *School District No. 88 v. Morgan,* 147 Wash. 321, 266 Pac. 150; *In re Chelan Electric Co.,* 152 Wash. 412, 278 Pac. 171, 65 A. L. R. 1520.

In the case here presented, there was but one child of school age in the territory sought to be re-transferred to district No. 29, and that child had been attending school at the Waitsburg public schools since prior to May 14, 1932 (Waitsburg being a city in district No. 25-100). The other children living in district No. 29, and not in the territory here involved, had, since the school year 1929-1930, been transported by bus to, and have attended the public schools of, the city of Walla Walla. The distance to Walla Walla was greater than that to Waitsburg. While the parent of the child living in the territory sought to be transferred, signed the petition for the transfer, he did not appeal. No school has been maintained in district No. 29 since the school year 1929-1930, and no request has been made to the county, except that school be held therein.

Under the facts stated and others that might be referred to, the school superintendents did not act arbitrarily or capriciously in rejecting the petition, but, on the other hand, as it appears to us, exercised a wise discretion. It is true that, in this case, the petition last filed was signed by the heads of all the families residing in the territory, and, while this is a matter proper for the superintendent of schools to consider, where the educational welfare of children may be involved, it has no application in this case, as will later appear.

What was said in the case of *School District No. 88 v. Morgan,* 147 Wash. 321, 266 Pac. 150, with reference to the consideration to be given to the desire of the petitioners, must be read in the light of the facts of that particular case, where the educational welfare of children was directly involved.

As appears from the record in this case, the real purpose underlying the desire to have the lands described in the petition transferred to district No. 29 was one of taxation, the tax rate for school purposes being less in that district than in the other district. One of the petitioners, who is an appellant here, testified as follows:

"Q. In other words the increase in taxation, due to the change, has been a source of disappointment to you, hasn't it? A. Yes, it has. Q. That is the reason for your being in this suit, isn't it? A. That is the principal reason. Q. That is the real reason, isn't it? A. Yes, sir."

In *In re Chelan Electric Co.,* 152 Wash. 412, 278 Pac. 171, 65 A. L. R. 1520, *supra,* it was said:

"The relative rates of tax in the two districts is not a matter with which the courts have any concern."

There is a contention, based upon claimed irregularities when the territory was transferred to district No. 25-100. Aside from the fact that there is no merit in these contentions, if the irregularities in fact existed, they would be immaterial, because the determination upon the first petition was not *res judicata* of a second application, and upon the second petition there was a full hearing and determination of the matter.

The judgment will be affirmed.

MILLARD, C. J., BLAKE, BEALS, and GERAGHTY, JJ., concur.